264 F.2d 758
 MANUFACTURERS CASUALTY INSURANCE COMPANY et al., Appellants-Appellees,
v.
INTRUSION-PREPAKT, INCORPORATED, Appellee-Appellant.
INTRUSION-PREPAKT, INCORPORATED, Appellee-Appellant,
v.
MANUFACTURERS CASUALTY INSURANCE COMPANY et al., Appellants-Appellees.
 No. 17398.
 United States Court of Appeals Fifth Circuit.
 March 25, 1959.
 
 Milton E. Grusmark, Miami Beach, Fla., Sibley, Grusmark, Barkdull & King, Miami Beach, Fla., for appellants-appellees.
 Richard F. Ralph, Miami, Fla., Fowler, White, Gillen, Yancey & Humkey, Miami, Fla., of counsel, for appellee-appellant.
 Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.
 HUTCHESON, Chief Judge.
 
 
 1
 This action, tried to the court without a jury, was instituted by the plaintiff-appellee-cross-appellant, Intrusion-Prepakt, Incorporated, against the defendants-appellants-cross-appellees, The DeFonce Construction Company, Inc. and J. B. Cooper who comprised a joint venture; and against Manufacturers Casualty Insurance Company, surety on a payment bond of the principals, DeFonce and Cooper.
 
 
 2
 Intrusion claimed a balance of $85,555.95 to be owing on a contract performance amounting to $122,000, after crediting defendants with a $15,000 payment plus back charges for manchinery rental in the amount of $21,444.05.
 
 
 3
 Defendants counterclaimed under count two for damages for alleged failure of plaintiff to comply with a claimed prior contract for grouting, and under count three for damages in the amount of $12,000 for loss of, and expenses in connection with, steel sheet piling which would have been salvaged, and additional time spent in extracting sheet piling recovered. Originally alleged to have resulted from negligence on the part of Intrusion in not coating the submerged portions of the sheet piling with a material which would prevent a bond between the piling and the concrete seal which was to be replaced, this claim was amended, over objection of Intrusion, at the close of, and to conform to, the evidence, to allege the negligence or failure of Intrusion to perform, skillfully and in accordance with plan for its thickness, the pouring of the concrete seal.
 
 
 4
 Reduced in issues and in compass by the intelligent and effective use of agreements, interrogatories, requests for admissions, and other pretrial procedures, including the concessions (1) that Intrusion was entitled to recover on its complaint subject to any recovery which might be had on the counter claims and (2) that the back charges for machinery rental were correct and that the claim that they were not would be abandoned, the case went to trial to the court without a jury, and the court found as a matter of fact and law that the defendants did not make out a case under count two, the failure to comply with a contract for grouting, but that it did make out one under count three as amended.
 
 
 5
 In respect to count three, the court found, as alleged in the amendment, that Intrusion, by mistake and failure to conform to its design and representations, poured the slab about three feet thicker than it had planned and intended to pour it, that as a result the defendant's salvage return on the sheet piling was diminished in the amount of $6620.00, and that Intrusion was therefore responsible to make good the damage caused by its failure.
 
 
 6
 Manufacturers and the joint venture have appealed from the denial of recovery on the claim under count two of failure to comply with the prior grouting contract, while Intrusion has appealed from the finding and judgment holding it liable under count three for the loss in connection with the sheet piling. Each recognizes as to its appeal that its burden is to convince that the record is devoid of evidence supporting the contrary of its contention that in short the findings are clearly erroneous under the established settled rule:
 
 
 7
 'Under that rule (52(a) Fed.Rules Civ.Proc. 28 U.S.C.A.), as it plainly reads and had been interpreted by the courts, it is not for the appellate court to substitute its judgment on disputed issues of fact for that of the trial court where there is substantial credible evidence to support the finding. It may reverse, though, under the rule (1) where the findings are without substantial evidence to support them; (2) where the court misapprehended the effect of the evidence; and (3) it, though there is evidence which if credible would be substantial, the force and effect of the testimony considered as a whole convinces that the finding is so against the great preponderance of the credible testimony that it does not reflect or represent the truth and right of the case.' Sanders v. Leech, 5 Cir., 158 F.2d 486, at page 487.
 
 
 8
 So recognizing, each, where it has the burden, undertakes manfully to discharge it, and, where it has not, with equal vigor, unashamedly invokes the rule in its favor.
 
 
 9
 On the grouting issue, while we think it clear that Intrusion's Mr. Webb was over optimistic, we think it equally clear that Manufacturers has failed to discharge its burden of pointing to evidence establishing, as required by the rule, that the undertaking, which admittedly began as an experiment, was converted by words or acts of contractual obligation into a contract. Indeed, we think the credible proof is quite to the contrary. We think the most that can be made out of the evidence is that the defendant was disappointed that Mr. Webb's first estimate of the amount it would be necessary to spend to find out if the method would be successful was greatly exceeded, but this does not in fact and in law convert an estimate into a contract.
 
 
 10
 On the claim that the evidence failed to show a duty owned by Intrusion to pour the cement slab in accordance with its design and that, if it did owe such duty, the proof did not show the breach of it, we think Intrusion is in error. When one employs a contractor to perform a job, it is not necessary to state expressly that the job will be performed with skill and care. Such obligation is implied and the law holds him, who undertakes the performance of a contract, to the duty of exercising such skill and care and imposes a responsibility to those injured by the failure, if, as we think is clearly the case here, the consequences of such failure were reasonably within the contemplation of the parties.
 
 
 11
 The judgments appealed from were right. They are
 
 
 12
 Affirmed.