**Sadruddin HASHWANI,
Plaintiff-Appellee,**

v.

**George E. BARBAR,
Defendant-Appellant.**

No. 86–5739.

United States Court of Appeals,
Eleventh Circuit.

July 29, 1987.

Lee E. Reichert, King & Spalding, Dwight J. Davis, Michael C. Russ, Atlanta, Ga., for Barbar.

Robin C. Campbell, Jan Douglas Atlas, Robert A. Plafsky, Deerfield Beach, Fla., for Hashwani.

Before RONEY, Chief Judge, VANCE, Circuit Judge, and PITTMAN *, Senior District Judge.

PER CURIAM:

This is a diversity action that arose out of an agreement concerning the value of certain real estate in Boca Raton, Florida. The agreement established a procedure for valuing property previously owned by a corporation which was owned 75% by the plaintiff and 25% by the defendant. Plaintiff obtained a summary judgment for monetary and injunctive relief. Defendant appeals contending (1) the district court erred in refusing to grant a continuance when defendant was unable to secure his expert's testimony prior to summary judgment hearing, (2) there were issues of fact concerning an appraisal of the property, and an ambiguity in the agreement which made summary judgment improper, and (3) his motion to alter or amend the judgment should have been granted.

Plaintiff Sadruddin Hashwani, a citizen of Pakistan, and Defendant George Barbar, a Florida citizen, had participated for a number of years in real estate investment ventures. To resolve certain disputes between the parties, they entered into an agreement which among other things, provided a method for valuing property which plaintiff thought defendant had sold for less than fair market value to an entity controlled by defendant.

The agreement required that Plaintiff Hashwani would provide an MAI appraisal, after which, depending on the value Barbar could either pay Hashwani, based on the value fixed in that appraisal, or submit another MAI appraisal. Specifically, the settlement agreement, in paragraph four provided the procedure at issue in this case:

*Hashwani shall,* within one hundred eighty (180) days of the date of this agreement, *obtain a written appraisal by a duly certified and independent MAI appraiser of the Deming property,* which shall be delivered to Barbar, or his designated representative, within ten (10) days of Hashwani's receipt. In the event that the gross acreage price exceeds the sum of Forty-Two Thousand Eight Hundred ($42,800.00) Dollars per gross acre, *Barbar shall have the option,* within thirty (30) days *of either paying* to Hashwani seventy-five (75%) percent of the amount which exceeds the sum of Forty-Two Thousand Eight Hundred ($42,800.00) Dollars, together with fifteen (15%) percent interest computed from April 19, 1984 (the "Excess Amount"), *or designating a duly certified and independent MAI appraiser to appraise the Deming property,* which written appraisal shall be completed within thirty (30) days and delivered to Hashwani or his designated representative (emphasis added).

Plaintiff delivered to defendant a written appraisal of the Deming property, conducted by a duly certified and independent MAI appraiser. At this point, according to paragraph four, defendant had the option of either accepting Hashwani's appraisal and paying Hashwani according to the terms of the settlement agreement, or selecting another certified and independent MAI appraiser to appraise the property. Defendant chose to do neither.

Instead, defendant rejected plaintiff's appraisal, asserting that it did not comply with MAI standards, and chose to postpone his performance until plaintiff submitted an appraisal in compliance with MAI standards. In effect, defendant exercised a third option which is nowhere found in the terms of the agreement. Paragraph six of the settlement agreement states that: "this Agreement represents the entire agreement of the parties and is in lieu of any prior understanding or agreements."

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

■ The district court refused to grant Barbar a continuance of the hearing on the motion for summary judgment. The denial of a continuance is within the broad discretion of the district court and will not be overturned unless arbitrary or unreasonable. *United States v. 2.61 Acres of Land,* 791 F.2d 666 (9th Cir.1985). The court in that case set forth four factors for reviewing denials of a requested continuance under the abuse of discretion standard:

> First, we consider the extent of appellant's diligence in his [or her] efforts to ready his [or her] defense prior to the date set for hearing. Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial. *Id.* at 671.

Based upon these factors, the district court did not abuse its discretion in denying a continuance. In any event, as the district court held, the continuance issue is insignificant because defendant breached the unambiguous settlement agreement.

The district court correctly determined that there was no genuine issue of material fact. *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985). There is no ambiguity in the agreement concerning the defendant's options once the plaintiff obtained an appraisal. Either the defendant could pay the excess amount according to the method outlined in the agreement or get a second appraisal from another duly certified, independent MAI appraiser. Defendant, however, chose to do nothing, and this is not an option in the agreement. As is noted in the district court opinion, if the defendant desired this option, he should have included it in the agreement. He failed to do so, and is therefore bound by the terms of the agreement which he signed.

The defendant contends that he should have been allowed to introduce parol evidence to establish the agreement contained a latent ambiguity. This of course, would create an issue of material fact that would make summary judgment improper.

■ The general rule is the introduction of parol or extrinsic evidence to aid in the interpretation of a contract is prohibited, unless the contract is ambiguous. *Uransky v. First Federal Savings & Loan Association of Fort Myers,* 684 F.2d 750 (11th Cir.1982).

A latent ambiguity exists where a document is rendered ambiguous by some collateral matter. Under such circumstances the trial court is obligated to consider parol evidence to determine whether the contract is ambiguous. *See Cathbake Investment Co. v. Fisk Electric Co.,* 700 F.2d 654 (11th Cir.1983); *Landis v. Mears,* 329 So.2d 323 (Fla.1976).

This principle is not applicable here because the parties' rights and obligations are clearly stated in the settlement agreement, and there is no ambiguity that would warrant the introduction of parol evidence. As the district court stated, the plain language must control where there is no ambiguity, and this Court will not rewrite the agreement to make it more favorable to the defendant than the agreement he signed. *Southern Crane Rentals, Inc. v. City of Gainesville,* 429 So.2d 771 (Fla. 1st DCA 1983); *Jacobs v. Petrino,* 351 So.2d 1036 (Fla. 4th DCA 1976), *cert. denied,* 349 So.2d 1231 (Fla.1977).

Defendant next contends the district court erred in granting plaintiff's summary judgment because the agreement contained an implied term that the appraisal submitted by plaintiff would meet MAI standards. There was no such implied term. The agreement was clear that plaintiff was obligated only to submit an appraisal prepared by a duly certified and independent MAI appraiser. Plaintiff fulfilled this obligation.

Absent some showing of fraud or bad faith, there is no basis for an attack on that appraisal except through the procedure set forth for providing an appraisal by a different appraiser.

Even if the term were implied, there is nothing in this record to show the appraiser retained by plaintiff failed to exercise the requisite skill and care required of an MAI appraiser. *Manufacturers Casualty Insurance Co. v. Intrusion Prepakt, Inc.,* 264 F.2d 758 (5th Cir.1959).

Finally, the defendant contends the district court erred when it denied defendant's Motion to Alter or Amend Judgment under Fed.R.Civ.P. 59(e). Defendant submitted an affidavit which raised the issue whether defendant was required to strictly comply with the timetable set forth in the agreement. The district court did not abuse its discretion in denying the defendant's motion where the defendant raised the issue for the first time after entry of summary judgment. *See American Home Assurance Co. v. Glenn Estess & Associates, Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985).

AFFIRMED.