[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13325
Non-Argument Calendar
_____

D. C. Docket No. 01-14067-CV-PAW

EDWARD E. BAKER,

Plaintiff-Appellant,

versus

ALEXANDER COTO, Deputy,
RALPH HERNANDEZ, Sergeant,
CASIMIRO NAVARRO, Detective,
CARLOS CARRILLO, Detective,
JOSEPH HRESO, Sergeant et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 17, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Edward E. Baker appeals pro se the judgment, following trial, entered against his claim of excessive force during arrest. Baker makes six arguments: (1) the district court erred in instructing the jury regarding a claim of excessive force under the Fourth Amendment; (2) the district court failed to instruct the jury regarding whether certain witnesses had committed perjury; (3) the district court abused its discretion in granting the motion of Baker's counsel to withdraw; (4) the district court abused its discretion in denying Baker's motion for a continuance; (5) the district court abused its discretion in not appointing counsel to represent Baker; and (6) the district court abused its discretion in admitting evidence that Baker had possessed a check that belonged to the victims of a burglary. Each argument fails. We affirm.

## I. BACKGROUND

Baker filed a civil complaint that, after the district court partially granted motions by the defendants for dismissal and summary judgment, alleged that several officials of the Broward County Sheriff's Department violated Baker's right under the Fourth Amendment to be free from the use of excessive force during arrest. Baker alleged that he was stopped and questioned by Deputy Alexander Coto, who was searching the area for a suspect in a burglary. Baker

2

answered some of Coto's questions but then walked away. Coto and another officer chased Baker, who jumped over a fence and hid in a shed. When Baker exited the shed, Sergeant Ralph Hernandez struck Baker on his chest and head with a metal flashlight. Baker continued to run. Two other officers, Detective Casimiro Navarro and Detective Carlos Carrillo, stopped and restrained Baker. Navarro and Carrillo punched Baker. Coto and Sergeant Joseph Hreso struck Baker on the head and face with a radio. Hernandez kicked Baker and twisted his arm behind his neck. Baker's doctor found torn ligaments in Baker's right arm and shoulder, along with multiple lacerations, contusions, and abrasions on his face, head, and left rear shoulder.

Before trial, Baker thrice requested appointment of counsel. The district court denied each request. Baker's complaint was sent to a volunteer legal services organization, and the law firm Hunton & Williams represented Baker pro bono at trial. The district court declared a mistrial because the jury did not reach a unanimous verdict.

More than forty days before Baker's second trial commenced, the district court granted a motion by Hunton & Williams to withdraw from representation due to irreconcilable differences. At the emergency status conference, Baker stated that he wanted Hunton & Williams to continue to represent him. In a later order setting

3

the case for trial by jury, the district court stated that Baker had "indicated he would proceed pro se if he did not obtain new counsel." The district court denied Baker's motion for a two-week continuance and refused to appoint counsel for Baker in his second trial.

The second trial was marked by competing problems of witness credibility. Baker testified, on the one hand, that he did not commit the burglary of which he had been convicted, he failed to recall possessing a checkbook that belonged to the owner of the home that was burgled, and he speculated that the officers might have planted the checkbook on him. Over Baker's objection, the district court admitted a photocopy of a check from the checkbook that Coto stated he had found in Baker's back pocket. The district court, on the other hand, stated, outside the presence of the jury, that it had some concerns regarding the truthfulness of the testimony of Hernandez and perhaps other officers. The district court stated, "I have not come to any conclusions and probably won't, but I think that you need to tread lightly to make sure that this does not become a major issue in this case." After testimony, the district court instructed the jury regarding the issue of witness credibility.

The jury returned a verdict for the defendants, and the district court then entered a judgment in favor of the defendants.

4

## II. STANDARD OF REVIEW

Several standards of review govern this appeal. "We review jury instructions <u>de novo</u> to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." <u>Palmer v. Bd. of Regents of Univ. Sys. of Ga.</u>, 208 F.3d 969, 973 (11th Cir. 2000). "Denial of a continuance is within the broad discretion of the district court and will not be overturned unless the denial is arbitrary or unreasonable." <u>Fowler v. Jones</u>, 899 F.2d 1088, 1094 (11th Cir. 1990); <u>Mekdeci v. Merrell Nat'l Lab.</u>, 711 F.2d 1510, 1519 (11th Cir. 1983). The district court has broad discretion to appoint counsel to civil litigants but should do so only in exceptional circumstances. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999). "[W]e review the district court's evidentiary rulings for abuse of discretion and reverse only if the moving party establishes that the ruling resulted in a 'substantial prejudicial effect.'" <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303, 1326 (11th Cir. 2000).

## III. DISCUSSION

Baker's six arguments fall into in three basic categories: jury instructions, representation, and evidence. We address each category of arguments in turn.

*A. Jury Instructions*

1. The Jury Instructions Accurately Reflected the Substantive Law.

Baker argues that the jury instructions erroneously stated the standard of the Fourth Amendment that applied to his claim of excessive force. Baker contends that the terms "malice" and "reckless indifference," which the court used in its instructions, pertain to the standard of the Eighth Amendment for claims of prisoners. Baker also argues that, because he was charged with resisting arrest without violence, the district court erred in instructing the jury that it might have been reasonable for an officer to use some force against Baker. Baker's arguments fail.

The district court instructed the jury regarding the correct standard under the Fourth Amendment. The district court used Federal Claims Pattern Jury Instruction 2.2 for the Eleventh Circuit, which accorded with Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865 (1989). The jury instructions accurately stated the law. See Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002). The terms "malice" and "reckless indifference" were used with regard to punitive damages, not the underlying claim. Because evidence at trial showed that Baker attempted to evade arrest by fleeing, the jury instructions also accurately stated that it might have been reasonable for the arresting police to use some force against Baker, even though he was charged with resisting arrest without violence. See Lee, 284 F.3d at 1197-1198. The district court did not err.

2. The District Court Properly Instructed the Jury Regarding Witness Credibility.

Baker argues that the district court admitted perjured testimony. According to Baker, the district court should have instructed the jury as to perjury. Baker also argues that the perjured testimony was a manifest miscarriage of justice and the district court either should have declared a mistrial or entered a directed verdict for Baker.

Baker's arguments fail for several reasons. First, the district court did not conclude that witnesses for the defense had committed perjury. The court noted inconsistencies in the testimony of Hernandez and urged the defense to be mindful of the issue of perjury. Second, the issue of witness credibility was reserved to the jury, and the district court properly instructed the jury regarding that issue. Third, Baker had the opportunity to impeach witnesses and he used prior statements in an attempt to prove inconsistent testimony. Fourth, the inconsistencies that Baker cites in his briefs do not meet the standard of manifest injustice. The district court did not err.

*B. Representation*

1. The District Court Did Not Abuse Its Discretion in Permitting Counsel to Withdraw.

Baker argues that the district court should not have permitted his pro bono counsel to withdraw from representing him. Baker contends that he and counsel

7

could have resolved the differences between them and that he was "more than willing to work thing[s] out between him and counsel." Baker also contends that the district court was "not certain or fully persuaded" as to whether it should permit counsel to withdraw in the light of Baker's difficult circumstances.

None of these arguments provides us a legal basis to conclude that the district court abused its discretion in granting the motion by counsel to withdraw. As a civil litigant, Baker had no right to counsel. See Mekdeci, 711 F.2d at 1522-23. Baker's lawyers were not appointed by the court; they represented Baker voluntarily. The district court did not abuse its discretion in permitting counsel to withdraw.

2. The District Court Did Not Abuse Its Discretion in Denying a Continuance.

Baker argues that the district court abused its discretion in denying his motion for a continuance, which Baker made on the first day of the second trial. In Hashwani v. Barber, 822 F.2d 1038 (11th Cir. 1987), we "adopted four factors to consider in reviewing denials of a requested continuance under the abuse of discretion standard." Fowler, 899 F.2d at 1094 (citing Hashwani, 822 F.2d at 1040). The four factors are "1) the diligence of the party requesting the continuance to ready the case prior to the date set for hearing; 2) the likeliness that the need for continuance could have been met if a continuance was granted; 3) the

8

extent to which granting the continuance would have been an inconvenience to the court and the opposing party, including its witnesses; and 4) the extent to which appellant might have suffered harm as a result of the denial." Id.

The district court did not abuse its discretion in denying the continuance. First, Baker failed diligently to ready his case prior to the first day of trial. Although he had not received certain trial materials from his lawyers after they withdrew from representing him, Baker failed to notify the court until the first day of his second trial. Second, Baker was familiar with his case because he recently had witnessed his first trial. Third, Baker's request for a continuance on the first day of trial was untimely and obviously would have inconvenienced the court, defendants, witnesses, and members of the jury. Fourth, "In a civil case, a lawyer's withdrawal . . . does not afford the party an absolute right to a continuance." Mekdeci, 711 F.2d at 1520 n.12 (11th Cir. 1983). Although Baker might have benefitted from a continuance, Baker fails to persuade us that the district court abused its discretion in denying his request.

3. The District Court Did Not Abuse Its Discretion in Not Appointing Counsel.

Baker argues that the district court abused its discretion in not appointing counsel for him. This argument fails. "A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the

appointment of counsel." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)). Although the court has broad discretion to appoint counsel for an indigent plaintiff, it should do so only in exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); Dean, 951 F.2d at 1216. Exceptional circumstances occur "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Dean, 951 F.2d at 1216.

Baker's circumstances are unexceptional. Baker has demonstrated a capacity for legal argumentation in the pro se briefs he has submitted to this court, and Baker's case was not so difficult as to require professional help. Baker had the opportunity to observe the exhibits, arguments, and techniques that his trained counsel used to prosecute his first case, and he could have relied on this experience and knowledge in his second trial. The district court did not abuse its discretion in not appointing counsel for Baker.

C. *Admission of the Photocopy of the Check Was Not Reversible Error.*

Baker argues that the district court erred in admitting a photocopy of a check from a checkbook that belonged to the owners of the home that Baker burgled. Deputy Coto testified that he had found the checkbook on Baker's person. Baker contends that he never was charged with possession of stolen property in his

10

criminal case; evidence of the check was irrelevant in his civil case; even if relevant, the probative value of the evidence was outweighed by its prejudicial effect; and the evidence should have been excluded under the ruling of the district court that granted the defendants' motion in limine to exclude all evidence of the first civil trial. We reject Baker's arguments.

Baker stipulated that he had been convicted of burglary. Although it may have been cumulative, evidence that Baker possessed a checkbook that belonged to the victims of the burglary was relevant to Baker's credibility because, despite his stipulation, Baker testified in his civil trial that he did not commit the burglary of which he had been convicted. Even if the district court had abused its discretion in admitting the photocopy of the check, Baker cannot establish that he suffered substantial prejudice as a result.

## IV. CONCLUSION

We affirm the judgment of the district court.

**AFFIRMED.**

11