**In re JRV INDUSTRIES, INC., Debtor.**

**No. 04–6236–3F1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 6, 2006.

Lisa C. Cohen, Ruff & Cohen PA, Gainesville, FL, for Debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Motion of Mazak Corporation to Reclassify the Claim of Tennessee Engine Works (the "Motion to Reclassify"). The Court conducted a hearing on the matter on November 3, 2005. At the conclusion of the hearing, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On or about October 27, 1999 Jay R. Vass ("Vass"), the president of JRV Industries, Inc. ("JRV"), executed a promissory note to Tennessee Engine Works ("TEW") for the purchase of certain equipment (the "Equipment"). To secure payment of the promissory note, on or about October 27, 1999 Vass and JRV executed and delivered to TEW a security agreement (the "Security Agreement") by which Vass and JRV granted to TEW a security interest in the Equipment. The Security Agreement referred to Vass and JRV as "individually and collectively 'Debtor'". Vass signed the Security Agreement in his individual capacity and as president of JRV. On November 3, 1999 TEW filed a UCC–1 financing statement with the Secretary of State of Florida listing Vass as the debtor and JRV as an additional debtor. Vass signed the financing statement in his individual capacity and as president of JRV.

JRV filed a Chapter 11 bankruptcy petition on June 17, 2004. On January 19, 2005 TEW filed a proof of claim which the clerk's office designated as Claim 20. Claim 20 was filed as a secured claim in the amount of $655,262.00. Attached to the claim was the promissory note, the Security Agreement, and a bill of sale.

On January 28, 2005 Debtor filed a Chapter 11 Plan of Reorganization (the "Plan"). The Plan provided for TEW to have a secured claim in the amount of $150,000.00 and an unsecured claim in the amount of $505,000.00. The Plan provided for TEW's unsecured claim to be classified with all other unsecured claims.

Mazak filed the Motion to Reclassify. Therein Mazak conceded that TEW has a secured claim against JRV but argued that TEW has no recourse against JRV for any amount in excess of the value of the Equipment. Mazak asserted that the Plan should treat TEW's claim as secured to the extent of the value of the Equipment. Additionally, Mazak requested that to the extent 11 U.S.C. § 1111(b) gives TEW an unsecured deficiency claim, that amount should be separately classified from the general unsecured claims.

At the hearing on the Motion to Reclassify JRV asserted that the loan documents were ambiguous and sought to introduce parol evidence as to whether the parties intended the loan to be recourse or nonrecourse. Notwithstanding its earlier concession that TEW has a secured claim against JRV, Mazak asserted that the Equipment is owned solely by Vass and there is a question as to whether TEW even has a claim against JRV.

In its post-hearing memorandum JRV contends that the loan documents are ambiguous and that the Court should consider parol evidence as to the parties' intent at the time of the sale of the assets by TEW. However, JRV argues that even if the Court does not consider the parties' intent, it has properly classified TEW's § 1111(b) deficiency claim with all other unsecured creditors. In its post-hearing memorandum Mazak argues that TEW has no claim against JRV. Mazak argues that the promissory note, the Security Agreement, and the bill of sale do not create a debt or evidence ownership in the collateral by anyone other than Vass. Mazak asserts that the Court should not consider parol evidence to establish that TEW has a claim against JRV.

### CONCLUSIONS OF LAW

■ The introduction of parol or extrinsic evidence to aid in the interpretation of a contract is prohibited unless the contract is ambiguous. *Hashwani v. Barbar,* 822 F.2d 1038, 1040 (11th Cir.1987). The existence of ambiguity in a contract is a question of law for the judge to decide. *Bivens Gardens Office Bldg. v. Barnett Banks, Inc.,* 140 F.3d 898, 905 (11th Cir. 1998) (applying Florida law). The Court finds that the loan documents are not ambiguous, but they establish that TEW has a claim against JRV. Section 101(5) of the Bankruptcy Code defines a claim as a right to payment. TEW has a claim against JRV by virtue of JRV being a party to the security agreement, notwithstanding the fact that JRV is not a party to the promissory note. However, the loan documents do not provide TEW recourse against JRV. Notwithstanding that the loan documents do not provide TEW recourse against JRV, the Court must determine whether TEW must be treated as if it has recourse against JRV pursuant to § 11 U.S.C. 1111(b)(1)(A).

■ With certain exceptions, none of which applies here, section 1111(b) of the Bankruptcy Code provides:

(b)(1)(A) A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse.

Section 1111(b)(1)(A) enables a non-recourse undersecured creditor to have a secured claim for the value of its collateral and an unsecured claim for the amount of the debt in excess of the value of the collateral. Mazak argues that § 1111(b) does not apply to TEW's claim because the claim is not secured by a lien on property of the estate. Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." At a minimum JRV has a possessory interest in the Equipment. The Court finds that the Equipment is property of the estate. Because TEW's claim is secured by a lien on the Equipment, § 1111(b)(1)(A) applies to TEW's claim, giving TEW a secured and an unsecured claim against JRV. Having found that § 1111(b)(1)(A) applies to TEW's claim, the Court must determine whether TEW's unsecured claim should be

classified in a separate class from the other unsecured claims.

■ Section 1122 of the Bankruptcy Code provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." Mazak asserts that TEW's claim is dissimilar from the other unsecured creditors and must be separately classified. The Seventh Circuit Court of Appeals has held that because deficiency claims of non-recourse claims that become recourse pursuant to § 1111(b) would not exist outside of a bankruptcy case, the claims are so dissimilar to general unsecured claims that they mandate separate classification. *In re Woodbrook Associates,* 19 F.3d 312, 319 (7th Cir.1994). All of the other Circuit Courts that have addressed the issue have held to the contrary. *See Barakat v. Life Ins. Co. of Va. (In re Barakat),* 99 F.3d 1520, 1525 (9th Cir.1996) (finding that § 1111(d) deficiency claim was similar to general unsecured claims and holding that absent a legitimate business or economic justification, it is impermissible for a debtor to separately classify such claims); *In re Boston Post Road Ltd. P'ship v. FDIC (In re Boston Post Road Ltd. P'ship),* 21 F.3d 477, 482 (2nd Cir.1994), *cert. denied,* 513 U.S. 1109, 115 S.Ct. 897, 130 L.Ed.2d 782 (1995) (noting that § 1111(b)'s purpose is to allow the undersecured creditor to vote with other unsecured creditors and that separately classifying such claims would "effectively nullify the option that Congress provided to undersecured creditors to vote their deficiency as unsecured debt."); *John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Assoc. (In re Route 37 Bus. Park Assoc.),* 987 F.2d 154, 161 (3rd Cir. 1993) (rejecting classification scheme which separately classified § 1111(b) deficiency claim from other unsecured creditors); *Lumber Exch. Bldg. Ltd. P'ship v.*

*Mutual Life Ins. Co. of New York (In re Lumber Exch. Bldg. Ltd. P'ship),* 968 F.2d 647, 649 (8th Cir.1992) (rejecting debtor's argument that unsecured creditor's recourse claim should be classified separately from the claims of unsecured trade creditors because the former arose by operation of law and the latter were bargained for); *Travelers Ins. Co. v. Bryson Props., XVIII (In re Bryson Props.),* 961 F.2d 496, 502 (4th Cir.1992), *cert. denied,* 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992) (noting that "where all unsecured claims receive the same treatment in terms of the Plan distribution, separate classification on the basis of natural and unnatural recourse claims is, at a minimum, highly suspect"); *Phoenix Mutual Life Ins. Co. v. Greystone III Joint Venture (In re Greystone III Joint Venture),* 995 F.2d 1274 (5th Cir.1991), *cert. denied,* 506 U.S. 821, 113 S.Ct. 72, 121 L.Ed.2d 37 (1992) (noting that "the alleged distinction between the legal attributes of the unsecured claims is that under state law Phoenix has no recourse against the debtor personally. However, state law is irrelevant where, as here, the Code has eliminated the legal distinction between non-recourse deficiency claims and other unsecured claims.") The Court agrees with the Second, Third, Fourth, Fifth, Eighth and Ninth Circuits and holds that a non-recourse deficiency claim is not sufficiently dissimilar from other unsecured claims to mandate separate classification.

## CONCLUSION

TEW has a claim against JRV. TEW's claim is secured by a lien on property of JRV's estate. As a result of U.S.C. § 1111(b), TEW's claim is secured in part and unsecured in part. TEW's claim is not sufficiently dissimilar from the other unsecured claims to mandate separate classification. The Court will enter a sepa-

rate order denying Mazak's Motion to Reclassify TEW's claim.

### ORDER DENYING MOTION OF MAZAK CORPORATION TO RECLASSIFY THE CLAIM OF TENNESSEE ENGINE WORKS

This case came before the Court upon Motion of Mazak Corporation to Reclassify the Claim of Tennessee Engine Works. Upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

Motion of Mazak Corporation to Reclassify the Claim of Tennessee Engine Works is denied.