[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 1, 2010
JOHN LEY
CLERK

_____

No. 09-11899
Non-Argument Calendar

_____

D. C. Docket No. 04-00315-CV-T-24EAJ

ROBERT CRAIG WELLS,

Plaintiff-Appellant,

versus

NORMAN C. CRAMER,
KENNETH L. BURROUGHS,
TERRY R. METTS,
CHRISTOPHER TAYLOR,
JEFFREY S. PREISING,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 1, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Robert Wells, through counsel, appeals several district court rulings related to his civil rights suit against the Pinellas County Sheriff's Office for excessive force and deliberate indifference to medical care in violation of 42 U.S.C. § 1983. The case proceeded to trial on the excessive force claim only, with the jury rendering its verdict in favor of the officers. On appeal, Wells argues the district court erred by: (1) denying his motion for continuance, (2) ruling Wells could not testify as to out-of-court statements during his testimony, (3) excluding use-of-force reports from evidence, and (4) refusing to appoint counsel for Wells.[1] After careful review, we conclude the district court did not abuse its discretion.[2]

## I.

Wells contends the district court abused its discretion by denying his unopposed motion for continuance based on his father's death three weeks prior to

---

[1] Wells also contends the district court abused its discretion by excluding evidence of his deliberate indifference claim. Wells's pro se Amended Complaint included both an excessive force and a deliberate indifference claim; however, he failed to appeal the district court's grant of summary judgment in favor of the officers on the deliberate indifference claim and thus has abandoned this claim. Although we vacated and remanded the district court's summary judgment order as to the excessive force claim, the district court's resolution of the deliberate indifference claim was not affected. *See Wells v. Cramer*, 262 Fed. Appx. 184, 186, 190 (11th Cir. 2008). Thus, we do not address Well's contention regarding this issue.

[2] We review for abuse of discretion the denial of a motion for continuance, *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1350–51 (11th Cir. 2003), evidentiary rulings, *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010), and the denial of a motion to appoint counsel, *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999).

trial. Wells claims his father was crucial to his case because he was the chief witness and an important advisor throughout the pre-trial proceedings.

To determine whether the district court abused its discretion by denying the requested continuance, we consider the following factors: (1) the appellant's diligence in preparing his defense prior to the date set for hearing, (2) the likelihood that the need for a continuance could have been met if the continuance had been granted, (3) the extent to which granting the continuance would inconvenience the court and the opposing party, and (4) the extent to which the appellant might have suffered harm as a result of the denial. *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987). The district court's denial of a continuance "will not be overturned unless arbitrary or unreasonable." *Id.*

Based on these factors, the district court did not abuse its discretion by denying Wells's requested continuance. Wells stated he needed a continuance to find other witnesses who could testify as to what his father, who had no first-hand knowledge of the events at issue, had told them about prior encounters with the police. Such testimony would have been hearsay and inadmissible at trial. Fed. R. Evid. 802. Thus, even though Wells diligently prepared for trial and his motion for continuance was unopposed, his stated need for the continuance would not have been met if the continuance was granted. Moreover, Wells had ample time to

conduct discovery and prepare for trial, and did not suffer harm as a result of the district court's denial. Under the four-factor test as applied to these circumstances, the district court's denial of the requested continuance was not "arbitrary or unreasonable." *See Hashwani*, 822 F.2d at 1040.

## II.

Wells argues the district court abused its discretion by excluding his statements as inadmissible hearsay. As part of his testimony, Wells stated that paramedics who arrived on the scene "were asking to treat [him]," and upon his arrival at the police station for booking, "the other officers that were there at the substation began screaming why [was he] not taken to the hospital." He contends these statements were not being offered to prove the truth of the matter asserted, but to show that he sustained a severe beating. He also complains that the district court stated he was not allowed to "testify to what someone else might have said outside of court."

Assuming, *arguendo*, these statements did not constitute inadmissible hearsay, Wells has failed to prove the alleged errors affected his substantial rights. *See* Fed. R. Evid. 103(a); *see also United States v. Killough*, 848 F.2d 1523, 1527 (11th Cir. 1988) ("Only if an error prejudiced a substantial right of a defendant may a court of appeals reverse a lower court decision."). These statements are

4

cumulative of other evidence put before the jury. The jury viewed color pictures of the injuries in addition to hearing Wells's own description of the injuries. Any error in excluding these statements—which were heard by the jury as part of his narrative direct testimony—is harmless. *See Killough*, 848 F.2d at 1527.

## III.

Wells contends the district court abused its discretion by excluding use-of-force reports generated by the police departments involved in his arrest. He contends these reports were admissible under Rule 803(8)(B), the public records and reports exception.

The district court, however, did not exclude the reports, but merely instructed Wells as to the need for authentication of the police reports. *See* Fed R. Evid. 901. Although the officers who prepared the reports were present and testified at trial, Wells never attempted to have the officers authenticate the reports for admission into evidence.

## IV.

Finally, Wells argues the district court abused its discretion by denying his motion to appoint counsel. Wells has "no absolute constitutional right to the appointment of counsel" in his § 1983 action. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Rather, the appointment of counsel is a "privilege that is

justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.*

Wells represented himself throughout the course of this case, including the trial on a single-count incident of alleged excessive force. He successfully appealed the district court's orders, participated in discovery, prepared witness and exhibit lists, and filed multiple motions. Although a lawyer's representation may have helped Wells at trial, his case was not "so novel or complex" to conclude the district court abused its discretion in denying his request. *See Poole*, 819 F.2d at 1028.

**AFFIRMED.**