[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11952

Non-Argument Calendar

_____

STEVEN D. KING,

Plaintiff-Appellant,

*versus*

CITY OF MOBILE, MOBILE POLICE DEPARTMENT, et al.,

Defendants,

JENNINGS POWELL,
JOSEPH GOFF,
JEFFREY HILLBURN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:15-cv-00610-TFM-N

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Steven King, *pro se*, appeals the judgment entered on an adverse jury verdict in his 42 U.S.C. § 1983 action alleging excessive force during an arrest in 2015.  He argues that the district court abused its discretion by denying his motion for continuance of the trial, and that appointed counsel performed so inadequately that he was deprived of his Fifth Amendment due-process rights.  After careful review, we affirm.

**I.**

King filed a § 1983 civil-rights action stemming from his arrest in May 2015.  In 2018, the district court granted summary judgment to the defendants on all claims except one: an excessive-force claim against several officers of the Mobile Police Department.  Soon after, the court granted King's motion to appoint counsel.  Then, in May 2019, the court granted the parties' motion to stay the case pending the resolution of King's criminal trial.

The district court lifted its stay in 2021, and King's civil jury trial took place in May 2022. At the outset of the trial, King personally told the court he wanted to fire appointed counsel for ineffectiveness, explaining that counsel refused to subpoena medical records and witnesses that King believed were vital to his case. The court explained that King had the right to represent himself, and after questioning King, it agreed to let King do so at trial with appointed counsel as standby.

King then requested a continuance to allow him time to obtain a new lawyer who could subpoena the medical records and witnesses. When asked for their position on a continuance, the defendants objected, noting that the case had been pending since 2015 and that the exhibit list contained several hundred pages of medical records. In reply, King stated that he had not yet examined the trial binder and needed more time to subpoena doctors who could testify to the findings in his medical records.

The district court denied a continuance. The court explained that the "case ha[d] been pending for a while" and that the trial binder already contained "numerous," uncontested medical records. It also reasoned that the jury would not need expert testimony to understand the medical records because "the facts of this case [we]re fairly simple."

After *voir dire*, the district court excused the jury so the court could explain to King that, during the trial, he was prohibited from discussing the denial of his motion for a continuance. King argued that he was "being forced to represent [him]self" due to the

ineffectiveness of his counsel and the court's refusal to appoint a new attorney. In response, the court explained that it was not required to appoint counsel in civil matters, that King was "representing [him]self because [he] [chose] to represent [him]self," and that it was his decision whether to use counsel.

After a recess, but before the jury was seated, the district court brought to King's attention all the work that his former counsel had done in preparing King's case for trial. King ultimately elected to have counsel try the case for him. Counsel made an opening statement, examined King, cross-examined the defendants' witnesses, made a closing argument, and proposed jury instructions. At no point during the trial did King object to the representation provided by his counsel.

The jury returned a verdict in favor of the defendants. The district court entered judgment on the verdict, and King appealed.

## II.

King maintains that his due-process rights were violated at trial based on the district court's denial of a continuance and counsel's failure to procure King's witnesses and medical records, which forced him to try his case without critical evidence. The fundamental premise of his argument is that he was denied a fair trial, in violation of his right to due process, because of the alleged inadequacy of appointed counsel's representation.

This premise is misguided. Although due process protects a civil litigant's right to obtain counsel, that right "does not require the government to provide lawyers for litigants in civil matters."

*Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). That's because, in contrast to criminal cases, "there is no constitutional or statutory right to effective assistance of counsel on a civil case." *Id.* at 1522. So "[t]he sixth amendment standards for effective counsel in criminal cases do not apply in the civil context." *Id.* at 1523. "For that reason, a party does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice." *Id.* (cleaned up).

Here, King is not entitled to relief based on any potential ineffectiveness by his appointed counsel in failing to obtain witnesses and evidence for trial. Regardless of whether counsel was appointed, King had no constitutional right to effective assistance of counsel for his civil § 1983 case. *See id.* at 1522–23. According to *Mekdeci*, therefore, no relief from the verdict is available in this appeal for counsel's alleged ineffectiveness. *See id.* at 1523. Rather, King "has as [his] remedy a suit against the attorney for malpractice." *Id.*

### III.

King also faults the district court for denying a continuance. We review the denial of a continuance for an abuse of discretion. *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987). We will not reverse the denial of a continuance unless the court's ruling was "arbitrary, unreasonable, and severely prejudicial." *Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1005 (11th Cir. 2017).

We have identified five factors to consider in determining whether a trial continuance is warranted. *Id.* Those factors include the following: (1) the requesting party's diligence in trial preparation; (2) whether the continuance would meet the movant's needs; (3) whether denial would prejudice the movant; (4) whether the continuance would inconvenience the non-movant; and (5) whether the trial court had already granted a continuance. *Id.* at 1005–06.

The district court properly denied King's motion for a continuance. That King was unhappy with and wanted to discharge appointed counsel does not mean he had "an absolute right to continuance." *Mekdeci*, 711 F.2d at 1520 n.12 ("In a civil case, a lawyer's withdrawal, much less a mere motion to withdraw, does not afford the party an absolute right to a continuance."). "Rather, the decision is still left to the trial court's discretion." *Id.*

And here, the relevant factors support the district court's decision to deny a continuance. For starters, the record does not reflect that King acted with diligence in raising issues related to counsel's discovery practices and trial preparation, which King was aware of before trial. Plus, pushing back trial again, in a case that had been pending since 2015, would have inconvenienced the defendants and the court, which were ready to go forward with trial after years of delay.

More importantly, the requested continuance was unlikely to meet King's needs for the case. King requested a continuance to obtain medical records and witnesses to testify about those

records.[1]  But as the district court noted, the joint exhibit list included hundreds of pages of undisputed medical records, of which King was seemingly unaware before trial.  The court also reasoned that expert testimony was not necessary for the jury to understand the medical records as they related to the specific excessive-force claim at issue.  And as the court noted, King was not necessarily entitled to substitute counsel or to counsel who would comply with his demands related to trial strategy.  We see nothing to suggest that the court misconstrued the record or otherwise made a clear error of judgment in concluding that King failed to show that a continuance was warranted.

We reject King's claim that the district court improperly deferred to the defendants' position on continuance.  King requested a continuance during an *ex parte* session with the court about his appointed counsel.  So before ruling on King's request, which would have delayed the trial, the court properly gave the defendants notice and an opportunity to respond.  There is nothing improper or out of the ordinary about that.  The mere fact that the court agreed with the defendants does not show that the court failed to act as a neutral decisionmaker.

Finally, we note that the district court, in going forward with the trial, attempted to mitigate any prejudice to King by requesting

---

[1] On appeal, King maintains that appointed counsel failed to call "three witnesses to his beating by the police," one of whom was a police officer.  He did not raise these potential witnesses in seeking a continuance below, though, so we do not consider them on appeal.

that appointed counsel remain in the courtroom on standby. And counsel ultimately represented King during the trial, generally doing all the things that trial attorneys ordinarily do. Apart from the alleged failure to obtain evidence and witnesses, which do not provide a basis for a new trial in a civil case, as we've explained above, King does not suggest counsel's performance deprived him of a fair trial.

## IV.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**