[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10323

Non-Argument Calendar

_____

RESHAWN ARMSTRONG,

Plaintiff-Appellant,

*versus*

U.S. ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
UNITED STATES OF AMERICA,

Defendants-Appellees.

2                      Opinion of the Court                      23-10323

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:21-cv-01678-LSC

_____


_____

No. 23-11367

Non-Argument Calendar

_____


RESHAWN ARMSTRONG,

                                        Plaintiff-Appellant,

*versus*

U.S. ATTORNEY GENERAL,
UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cv-00086-LSC

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Reshawn Armstrong appeals the dismissal of her complaints against the U.S. Attorney General, the U.S. Department of Justice, the Federal Bureau of Prisons, and the United States. She argues that (1) the district court erred in denying a motion she made to correct a clerical error and to be given extra time to respond to the defendants' request for an extension; (2) the district court erred in dismissing her complaints as shotgun pleadings and denying her motions for reconsideration; and (3) the district court judge should have recused himself from her cases.

**I**

We review decisions on both motions for extensions of time and requests for continuances for abuse of discretion. *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996); *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of

fact." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).

Federal Rule of Civil Procedure 7 specifies the forms of pleadings and requires that a request for court order must be made by motion. Rule 7.1 explains who must file disclosure statements and what must be contained therein. Neither contains a deadline to respond to motions. Though there are many 21-day deadlines in the Rules of Civil Procedure, none relate to general motions for an extension or a general deadline for responding to all motions. *See* Fed. R. Civ. P. 11(c)(2), 12(a)(1), 12(f)(2), 15(a)(1), 26(d)(2)(A), 26(f)(1), 26(f)(4)(A), 27(a)(2), 53(f)(2), 71.1(d)(2)(A)(v), 71.1(e)(2), 81(c)(2).

A court may correct clerical mistakes "on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Any errors that do not affect the substantial rights of a party, *i.e.*, errors that are harmless, must be disregarded. *See* 28 U.S.C. § 2111; Fed. R. Civ. P. 61; *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1349 (11th Cir. 2022).

Ms. Armstrong has not demonstrated any reversible error with regard to her motion to correct the initial order and to be given time to respond to the defendants' motion for an extension to answer her complaint. First, even assuming the district court erred in denying her motion insofar as it requested a correction, such error was harmless as the district court did correct the name on its initial order. Second, the district court did not abuse its discretion in denying her request to be given more time to respond.

Contrary to Ms. Armstrong's claimed allowance of 21 days to respond, the district court was not required to allow any specific time for her to respond to the defendants' request for an extension. She cites to Federal Rule of Civil Procedure 7(d), but Rule 7 does not have a subsection (d). She also cites to Rule 7.1, but it deals with disclosure statements. In any event, she has not shown prejudice resulting from the district court's failure to allow her to respond to the defendants' motion for extension of time to answer the complaint.[1]

## II

"We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). Denial of motions for reconsideration are also reviewed for abuse of discretion. *See Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000).

District courts have an inherent power to control their docket. *See Vibe*, 878 F.3d at 1295. This includes dealing with shotgun complaints. *Id.* These complaints "waste scarce judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." *Id.* (quotation omitted). There are four main types of shotgun complaints: (1) a complaint where each count realleges

---

[1] Reading Ms. Armstrong's brief liberally, we have looked at the Local Rules of the Northern District of Alabama, but they do not contain any rules setting out when responses to motions are due.

previous allegations so that "the last count [is] a combination of the entire complaint" and includes large amounts of irrelevant information; (2) a complaint which is "replete with conclusory, vague, and immaterial facts"; (3) a complaint which fails to separate each claim for relief into a different count; and (4) a complaint which alleges multiple claims against multiple defendants in each count, without identifying which defendants are responsible for which claims. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

If a court identifies that a complaint is a shotgun complaint, it generally must give the litigant one chance to replead, with instructions on the deficiencies. *See Vibe*, 878 F.3d at 1296. The chance to replead may be a dismissal without prejudice and, because "[w]hat matters is function, not form," the instructional requirement can be satisfied by a motion to dismiss that sufficiently explains the defects of the complaint. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). If the amended complaint does not remedy the defects and the plaintiff does not move to amend, then the court may dismiss the complaint with prejudice. *See Vibe*, 878 F.3d at 1296.

"[P]*ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). But we have held that "failure to raise an issue in an initial brief on direct appeal should be treated as a forfeiture of the issue." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (en banc), *cert. denied*, 143 S. Ct. 95

(2022); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). *Pro se* litigants are not immune to the rules of forfeiture. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Even assuming that Ms. Armstrong did not forfeit the dismissal of her complaints by misconstruing the bases on which the district ruled, the district court did not abuse its discretion in dismissing them and denying her motions for reconsideration.

First, Ms. Armstrong's amended complaint in her action initiated in 2021 is a shotgun complaint because it fails to identify which defendants are responsible for which claims. Thus, the district court did not err in dismissing it without prejudice and denying reconsideration.

Second, Ms. Armstrong's complaint in her 2023 action suffers from precisely the same defects, none of which are remedied by her reorganization. The requirement that she be given a chance to replead with instructions on the deficiencies is satisfied by the prior dismissal without prejudice of a nearly identical complaint, explaining the deficiencies thereof. On this basis, the district court did not err in dismissing her complaint with prejudice and denying reconsideration.

## III

We generally review a district judge's refusal to recuse for abuse of discretion. *See Murray v. Scott*, 253 F.3d 1308, 1310 (11th

Cir. 2001). If a plaintiff does not move to recuse the judge below, an argument on appeal that the judge should have recused themselves *sua sponte* is reviewed for plain error. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Plain error occurs where there is error, the error is plain, and a party's substantial rights have been affected. *See Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1297 (11th Cir. 2021).

A district judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, a party may seek recusal of a district judge by filing an affidavit stating that the judge is biased or prejudiced and stating the grounds for believing in such bias. *See* 28 U.S.C. § 144.[2]

In either case, the bias "must stem from extrajudicial sources and must be focused against a party to the proceeding." *Hamm*, 708 F.2d at 651; *see also Liteky v. United States*, 510 U.S. 540, 548–56 (1994). An exception exists "if a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Hamm*, 708 F.2d at 651; *see also Liteky*, 510 U.S. at 551. Neither the "judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court

---

[2] The Code of Conduct for United States Judges similarly requires impartiality and disqualification whenever a "judge's impartiality might reasonably be questioned." Judicial Conference of the United States, *Code of Conduct for United States Judges* Canon 2A, 3, 3C(1) (2019).

and counsel constitute pervasive bias." *Hamm*, 708 F.2d at 651; *see also Liteky*, 510 U.S. at 555. Due process may also require recusal where the judge has a pecuniary interest in the outcome or where "the probability of actual bias . . . is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 876–77 (2009).

Here the district judge neither abused his discretion in not recusing himself in Ms. Armstrong's 2021 case, nor plainly erred in failing to do so in her 2023 case. Most of the bases Ms. Armstrong cited for recusal were merely adverse rulings, none of which showed "pervasive bias and prejudice." *Hamm*, 708 F.2d at 651. The rest were apparently baseless allegations of misconduct unsupported by any evidence in the record.

## IV

We affirm the dismissal of Ms. Armstrong's complaints.

**AFFIRMED.**