■ CITY OF NEW YORK, Appellant, v ASSOCIATED AMBULANCE

SERVICE, INC., et al., Respondents.—Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about November 12, 1987, which granted defendants-respondents' motion to dismiss the complaint on the ground of collateral estoppel, unanimously reversed, on the law, and the complaint reinstated, without costs.

On March 4, 1987, a Department of Sanitation (DOS) officer observed two employees of defendant-respondent Associated Ambulance Service (Associated) dump the contents of two 55-gallon oil drums onto a Queens street. The vehicle from which the drums were emptied, a van, was impounded, and is now the subject of the within forfeiture proceeding brought by plaintiff-appellant, the City of New York.

Associated's two employees, Francisco Blanco and David Adams, were issued notices of violation charging them with violating Administrative Code of the City of New York § 755 (2)-7.1 (a) (since recodified as § 16-119 [a]), which provides, in pertinent part, as follows: "It shall be unlawful for any person * * * to suffer or permit any dirt, sand, gravel, clay, loam, stone, rocks, rubble, building rubbish, sawdust, shavings or trade or household waste, refuse, ashes, manure, garbage, rubbish or debris of any sort or any other organic or inorganic material or thing or other offensive matter being transported in a dump truck or other vehicle to be dumped, deposited or otherwise disposed of in or upon any street, lot, park, public place or other area whether publicly or privately owned."

As the owner of the van, Associated was charged under section 16-119 (c) of the Administrative Code, which, in pertinent part, states: "[E]very owner of a dump truck or other vehicle shall be liable for a civil penalty of not less than six hundred dollars nor more than five thousand dollars for the first offense and not less than one thousand dollars nor more than seven thousand five hundred dollars for each subsequent offense of unlawful dumping described in subdivision a of this section by any person using or operating the same, in the business of such owner or otherwise, with the permission, express or implied, of such owner."

At a hearing before the Environmental Control Board scheduled for March 27, 1987, Associated's counsel appeared for all three respondents, and entered a plea of guilty on behalf of employee David Adams. Both Associated and the second employee, Francisco Blanco, were found guilty of their respective violations at subsequent hearings, and a fine of $1,000 for each of the three violations was assessed. In determining the penalty to be imposed, the Administrative Law

Judge (ALJ) took into account the fact that the "DOS was unable to adduce testimony regarding whether the oil contained in the drums was toxic". Such evidence had not been offered because the results of the laboratory analysis on the contents of the drums were not available as of the time of the hearings.

On or about June 16, 1987, the city commenced the instant proceeding pursuant to Administrative Code § 16-119 (e) (2) (ii), which subjects an impounded vehicle to forfeiture if its owner "has been convicted of or found liable for a violation of this section in a * * * proceeding before the environmental control board if the material unlawfully dumped is a material identified as a hazardous waste or an acute hazardous waste". Urging that the issue of hazardous waste or toxicity had previously been adjudicated, Associated moved to dismiss the complaint under the doctrines of res judicata and collateral estoppel. The city appeals the trial court's dismissal of its complaint, as barred under the principles of collateral estoppel. We reverse.

In *Allied Chem. v Niagara Mohawk Power Corp.* (72 NY2d 271, 276), the Court of Appeals reiterated, in the context of a prior administrative proceeding, the well-established elements necessary for issue preclusion, including the requirements that full and fair opportunity to contest the issue was accorded *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71), and that the issue to be precluded was "clearly raised * * * and decided", as well as "material to the first action or proceeding and essential to the decision rendered therein" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500).

Applying these criteria to the case at bar, we first note that, in a proceeding pursuant to Administrative Code § 16-119 (a), the critical issue is whether any of the enumerated materials have been "dumped, deposited or otherwise disposed of in or upon any street, lot, park, public place or other area". A determination as to whether the material so dumped was toxic or hazardous is not essential in such a prosecution. Similarly, the proceeding brought against Associated pursuant to Administrative Code § 16-119 (c) was predicated upon its ownership of the vehicle used, and required no finding with respect to the hazardous nature or toxicity, if any, of the material. Of course, since section 116-19 (a) provides a range of fines that may be imposed on the wrongdoers, the ALJ may take into account the aggravation of the offense that occurs when the materials are so constituted. Here, the city's inability to produce the laboratory results at the first proceeding

only inured to Associated's benefit, and it was in this regard that the ALJ commented upon the city's lack of proof. Thus, this issue was not "clearly raised and decided" during the evidentiary portion of the hearings, but arose solely in mitigation of the penalty, and it may be deemed neither material nor essential to the earlier determinations.

Before collateral estoppel may be asserted as a bar to subsequent litigation, it must also be determined that "a different judgment in the second [action] would destroy or impair rights or interests established by the first" *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 307; *Ryan v New York Tel. Co., supra,* at 501). No such result would eventuate in the forfeiture proceeding herein, since the determination that the material was hazardous has no effect on the prior finding that it was unlawfully dumped.

Moreover, the instant proceeding, brought pursuant to Administrative Code § 16-119 (e) (2), actually contemplates a prior adjudication, since the terms of this statute apply solely to owners of impounded vehicles who have been convicted or found liable for violations under section 16-119 of the Administrative Code.

For all of these reasons, collateral estoppel will not bar the forfeiture action, and the order appealed from must be reversed, and the complaint reinstated. Concur—Sullivan, J. P., Carro, Kassal, Wallach and Smith, JJ.