### In re MUTUAL BENEFITS OFFSHORE FUND, LTD., Alleged Debtor.

### No. 13–CV–22331–KMM.

United States District Court, S.D. Florida.

Signed March 19, 2014.

---

Darin Anthony DiBello, DiBello, Lopez & Castillo, P.A., Coral Gables, FL, Emanuel E. Zeltser, Sternik & Zeltser, New York, NY, for Plaintiff.

Clayton Paul Solomon, John F. O'Sullivan, Hogan Lovells U.S. LLP, Patricia Ann Redmond, Stearns Weaver Miller Weissler Alhadeff & Sitterson, Miami, FL, for Defendant.

Andre K. Cizmarik, Perla M. Kuhn, Rory J. Radding, H. Straat Tenney, Edwards, Wildman, Palmer, LLP, New York, NY, Barry Kramer, Edwards Wildman Palmer LLP, Stamford, CT, David Kenneth Friedland Geoffrey Lottenberg, Jaime Rich Vining, Friedland Vining, P.A., Coral Gables, FL, Jami A. Gekas, Foley & Lardner, LLP, Chicago, IL, Andrea Isabel Gonzalez, Foley & Lardner LLP, Miami, FL, for Plaintiff/Counter–Defendant.

David Thomas Azrin, Gallet Dreyer & Berkey LLP, New York, NY, Albert Bordas, Albert Bordas PA, Miami, FL, Leonardo G. Renaud, Leonardo G. Renaud, P.A., Miami Lakes, FL, for Defendant/Counter–Plaintiff.

### ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE is before the Court on appeal from a Final Judgment entered by the Honorable A. Jay Cristol, United States Bankruptcy Judge for the Southern District of Florida, in the matter *In re Mutual Benefits Offshore Fund, Ltd.*, Bankr.No. 11–17051–AJC, docket entry 654. Appellant filed an Initial Brief (ECF No. 15), Appellee filed an Answer (ECF No. 20), Appellant filed a Reply (ECF No. 25), and Appellee filed a Sur–Reply (ECF No. 29). Appellee additionally filed a Motion for Leave to Supplement the Record on Appeal (ECF No. 31), which the Court granted (ECF No. 32). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). For the reasons stated herein, the Bankruptcy Court's Final Judgment is affirmed.

### I. BACKGROUND

On March 17, 2011, Petitioning Creditors, Solby + Westbrae Partners, 19 SHC, Corp., Ajna Brands, Inc., 601/1700 NBC, LLC, Axafina, Inc., and Oxana Adler, LLM ("Petitioning Creditors"), commenced involuntary Chapter 11 bankruptcy proceedings against Appellant, Mutual Benefits Offshore Fund, Ltd. ("MBOF") (Bankr.No. 11–17051–AJC), as well as Fisher Island Investments, Inc. (Bankr. No. 11–17037–LMI) and Little Rest Twelve, Inc. (Bankr.No. 11–17061–AJC), alleging that these entities owed in excess of $32.4 million to the Petitioning Creditors pursuant to various Promissory Notes, invoices for licensing services, trade debt, and professional services rendered. *See* Initial Br., at ¶ 1.

On March 18, 2011, the Petitioning Creditors filed an Ex–Parte Motion for Joint Administration and Intra–District Transfer of Chapter 11 Cases, seeking to have the involuntary cases transferred before a single bankruptcy judge to be jointly administered. *Id.* at ¶ 2. The Petitioning Creditors also sought the appointment of an interim trustee to take control and possession of the assets of the debtor enti-

ties, and to protect and preserve the bankruptcy estates from further loss. *Id.* On March 21, 2011, the Zeltser Group[1] answered the involuntary petition on behalf of MBOF, admitting the allegations in the petition and consenting to the relief requested therein. *See* Bankr.No. 11–17051, ECF No. 5. On March 22, 2011, the Redmond Group[2] filed an emergency Motion to Strike the Answer on behalf of MBOF. *Id.*, ECF No. 8. The Motion to Strike stated that the Zeltser Group did not represent MBOF and was not authorized to make an appearance on its behalf. *Id.*, at ¶ 3. Instead, the Redmond Group claimed to be the authorized representatives of MBOF and disputed the debts listed in the Involuntary Petition. *Id.*, at ¶¶ 2, 10.

At this point there were two separate firms, answering to different owners, claiming to represent MBOF in its involuntary Chapter 11 proceedings. In order to adjudicate the underlying debt in bankruptcy, the Bankruptcy Court had to decide who owned, and therefore could represent, the Alleged Debtors. If the Redmond Group was the authorized representative, the involuntary petitions would be contested. If the Zeltser Group was the authorized representative, then the petitions would be uncontested.

The parties specifically requested that the Bankruptcy Court decide the ownership issue. The Zeltser Group specifically stated in their Response to the Motion to Strike that: "the issues of proper ownership and control over the Alleged Debtor should be litigated in due course before this Court." *Id.*, ECF No. 20, at ¶ 20.

On March 25, 2011 the Bankruptcy Court held a hearing on the issue of ownership. At the hearing Emanuel Zeltser observed that:

> So the issue of ownership is not squarely before any judge. It's indirectly there, but the issue of who is the correct owner, in control person, or persons, is not directly before any judge—any court. It should be here before Your Honor. It can be done in—in one proceeding as to all of these.... This Court can determine the ownership, but respectfully, Your Honor, this is the only Court that may because this is the ultimate Court of equity.... Your Honor's decision will be dispositive.... We can have an ownership hearing, a couple of days, three days, four days, you know, it doesn't have to go for a year okay. They will put on their evidence, we'll put on our evidence, and in three days the issue of ownership will be resolved....

*Id.*, ECF No. 38, at 51, 60–61. On March 31, 2011, the Bankruptcy Court entered an Order Granting, In Part, and Denying, In Part, Motion for Joint Administration of Three Involuntary Chapter 11 Cases. *Id.*, ECF No. 23. The March 31 Order set discovery deadlines and the ownership issue for trial. It provided:

> The Motion is granted in part for the sole purpose of conducting one trial regarding the validity of the Negotiable Promissory Note, the assignment of the Note and determination of who are the legitimate representatives and attorneys for the three alleged involuntary debtors.

---

1. The "Zeltser Group" includes Emanuel Zeltser, Esq. and Darin A. DiBello, Esq. *See* Initial Br., at n. 1. The Zeltser Group will hereinafter be referred to as "Zeltser Group" or "Zeltser."

2. The "Redmond Group" includes Patricia Redmond, Esq., John O'Sullivan, Esq., and Martin Russo, Esq. *See id.* The Redmond Group will hereinafter be referred to as "Redmond Group" or "Redmond."

*Id.,* at 6. Thereafter, the parties jointly requested, and the Bankruptcy Court entered, its Case Management and Scheduling Order in Contested Matter Setting Filing and Disclosure Requirements for Pre-Trial and Trial. *Id.,* ECF No. 96. Both parties thus conceded that the proceeding was a "contested matter."

On November 18, 2011, the Report of the Examiner was entered on the docket. *Id.,* ECF No. 273. The Report determined that the Redmond Group should be recognized as MBOF's duly-appointed counsel. *Id.* On November 21, 2011, the Bankruptcy Court held a pre-trial conference and directed that it would be bifurcating issues for trial, and specifically ordered that a trial be held in late January/early February regarding the issue of ownership of the Alleged Debtors. *Id.,* ECF No. 312.

On November 30, 2011, the Zeltser Group filed a Motion for Withdrawal of Reference. *Id.,* ECF No. 276. Notably, the Bankruptcy Court's subsequent Order Denying Motion to Withdraw Reference (ECF No. 347) was appealed to the Honorable Paul C. Huck, Senior United States District Judge for the Southern District of Florida, and was affirmed. *See* Case No. 12–20018–PCH, ECF No. 31.

On November 30, 2011, the Zeltser Group filed a Motion for Clarification and/or Reconsideration of the Bankruptcy Court's directive to conduct a trial on the issue of ownership of the Alleged Debtors. Bankr.No. 11–17051, ECF No. 277. Specifically, Zeltser objected to a trial on the "all-dispositive issue of the ultimate ownership of the Alleged Debtors." *Id.,* at 1. The basis for Zeltser's objection was: "(a) given the material dispute over the ownership issue, such trial may not be conducted summarily on the motion to strike the Alleged Debtors' answers to the involuntary petitions; and (b) such trial may not be held in the absence of the alleged own-ers before the Court." *Id.* The Redmond Group filed a Response to Zeltser Group's Motion for Clarification and/or Reconsideration. *Id.,* ECF No. 313. A hearing on the Motion was held on January 5, 2012, at which time the Bankruptcy Court denied Zeltser's Motion. *Id.,* ECF No. 355.

On December 1, 2011, the Bankruptcy Court entered an order setting the case for trial on February 16, 17, and 23, 2012. *Id.,* ECF Nos. 279, 312. On February 13, 2012, the Redmond Group filed a Motion for Summary Judgment. *Id.,* ECF No. 354. This Motion was denied on August 28, 2012. *Id.,* ECF No. 462. Thus, with discovery closed and summary judgment deemed inappropriate, the ownership issue was ripe for trial.

On October 15, 2012, the Bankruptcy Court entered its Order Setting Pretrial Conference and Related Deadlines. *Id.,* ECF No. 488. On November 27, 2012, the Bankruptcy Court entered an additional order on various motions, which set forth deadlines for filing witness and exhibit lists and objections. *Id.,* ECF No. 548. The parties were required to file sworn declarations of direct testimony of their case-in-chief witnesses 10 days before trial.

The Zeltser Group had filed its Witness List and Exhibit List for its Case in Chief on October 11, 2012, which stated that the Zeltser Group may call at trial any of the witnesses identified in their Initial (ECF No. 85) and Supplemental Disclosures (ECF No. 252). *Id.,* ECF No. 487. The disclosures listed thirty-eight witnesses in total. The Zeltser Group filed a supplemental Witness and Exhibit List for Its Case–in–Chief on October 23, 2012. *Id.,* ECF No. 515. On or about November 30, 2012, pursuant to the Court's November 27, 2012 Order, the Zeltser Group provided its list of trial witnesses. This list included: Oxana Adler ("Adler"), David Ashfield, Moshe Popack, Galina Orlowskaya ("Or-

lowskaya"), Natasha Bransburg ("Bransburg"), and all Record Custodians previously listed in its Supplemental Witness and Exhibit List. Initial Br., at ¶ 14.

On January 23, 2013 the Bankruptcy Court entered its Order setting forth deadlines for the parties to exchange their pre-marked exhibits intended to be offered as evidence at trial, and deposition designations, and setting trial of the disputed ownership issue for April 11–12, 2013. *Id.*, ECF No. 568.

On March 14, 2013, the Redmond Group filed a Motion to Enforce the Court's Order from September 27, 2011. *Id.*, ECF No. 608. The September 27 Order had stated that "deponents properly served in these proceedings shall appear at their scheduled depositions" and that "any deponent who fails to appear at his/her scheduled deposition shall be precluded from testifying at trial or introducing evidence at trial." *Id.*, ECF No. 197, at ¶ 2–3. The Redmond Group's Motion sought to exclude the Zeltser Group from presenting evidence at trial through the testimony of Orlowskaya and Bransburg on the basis that the Zeltser Group had failed to disclose information required by Federal Rule 26(a) regarding these two individuals and so the Redmond Group had not been able to properly serve deposition subpoenas upon them. *Id.*, ECF No. 608, at ¶ 1. On March 27, 2013, a hearing was held on the issue and the Bankruptcy Court directed the Zeltser Group to produce Orlowskaya and Bransburg for deposition no later than 7 days before the trial (April 4) if they wished to be allowed to call the witnesses at trial. *Id.*, ECF No. 631.

On April 1, 2013, the Redmond Group timely filed the declaration of Shaun Davis ("Davis") (ECF No. 623) and the Zeltser Group filed the declaration of Adler (ECF No. 624). Also on April 1, 2013, the Zeltser Group filed a Motion for Extension of Time and for Continuance of Trial seeking an extension of time to file direct testimony of Orlowskaya and Bransburg and for a continuance of the trial. *Id.*, ECF No. 625. The Motion stated that the witnesses did not want to give their testimony at the time because they were concerned for their safety due to the March 23, 2013 death of Boris Berezovsky.[3] *Id.* On April 4, 2013, the Bankruptcy Court held a hearing on the Motion and denied the Motion for Extension and Continuance and directed the case to proceed to trial. *Id.*, ECF No. 648. The Bankruptcy Court stated that after the Redmond Group's presentation, it would consider whether an adjournment to allow Zeltser more time was needed. *Id.*

Trial began on April 11, 2013. The Redmond Group called Davis to testify through his declaration and in person. *Id.*, ECF No. 643. On the second day of trial, at the close of the Redmond Group's case-in-chief, the Zeltser Group moved for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c) and also moved for involuntary dismissal pursuant to Fed.R.Civ.P. 41. The Bankruptcy Court denied both motions. *Id.*, ECF No. 644, at 179–188. The Zeltser Group then renewed its motion for a continuance citing the unavailability of Orlowskaya, Bransburg, and Adler. *Id.*, at 189. The Bankruptcy Court ruled that if the Zeltser Group produced Orlowskaya and Bransburg for depositions

**3.** On April 2, 2013, Adler filed a Notice of Request to Seal and for In Camera Review requesting that the Bankruptcy Court conduct an in camera review and seal the declarations of Oxana Adler, Robby Mingels, Bransburg, and Orlowskaya, which she submitted to the Bankruptcy Court. Bankr.No. 11–17051, ECF No. 630. At the April 4, 2013 hearing on the Motion for Extension of Time and Continuance the Bankruptcy Court denied the motion to seal and returned the declarations to Adler.

by April 18, 2013, then they would be permitted to testify at a continued trial date on April 27, 2013. *Id.* The Bankruptcy Court also ordered that Adler was precluded from testifying.[4] *Id.* at 200. The Bankruptcy Court then ordered the Zeltser Group to proceed with its case-in-chief. *Id.* at 188–197. The Zeltser Group did not call any witnesses or offer any exhibits. *Id.* at 190. Orlowskaya and Bransburg did not appear for deposition by April 18, 2013. As a result, they were barred from testifying at trial and the trial record was closed. *Id.,* ECF No. 653.

On April 25, 2013, the Bankruptcy Court entered its Findings of Fact and Conclusions of Law on Ownership in favor of the Redmond Group. *Id.* The judgment determined that Davis had the exclusive authority to retain counsel to represent MBOF and, pursuant to that authority, Davis selected the Redmond Group to represent MBOF in the involuntary petition. *Id.,* ECF No. 654. The instant appeal followed.

### STANDARD OF REVIEW

On appeal, the bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr.P. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). If the lower court's assessment of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

■ A district court reviews the bankruptcy court's legal conclusions *de novo. In re Englander,* 95 F.3d 1028, 1030 (11th Cir.1996). Mixed questions of law and fact are reviewed *de novo. In re Lentek Int'l, Inc.,* 346 Fed.Appx 430, 433 (11th Cir. 2009). "Under *de novo* review, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Brown,* No. 6:08–cv1517–Orl–18DAB, 2008 WL 5050081, at *2 (M.D.Fla. Nov. 19, 2008) (citing *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1295 (11th Cir.2001)).

### II. DISCUSSION

On appeal, the Zeltser Group is essentially asking for a do-over of this case. While the Zeltser group presents eighteen issues on appeal, the Court finds that many of these issues are repetitive and can be combined. Accordingly, the Court will address: (1) whether the Bankruptcy Court lacked jurisdiction and/or authority to enter final judgment on the ownership issue; (2) whether the Bankruptcy Court lacked all necessary parties to enter final judgment on the ownership issue; (3) whether the Bankruptcy Court erred in allowing the ownership issue to proceed as a contested matter rather than as an adversary proceeding; (4) whether the Bankruptcy Court abused its discretion in denying Zeltser's Motion for a Continuance; (5)

---

**4.** The Bankruptcy Court precluded Adler from testifying stating: "As Ms. Redmond's pointed out, [Adler has] been in this thing up to her neck all the way through and she had the opportunity to be here today and if she chose not to be here today, we're not giving her any further consideration." *Id.,* ECF No. 644, at 200.

whether the Bankruptcy Court's final judgment was erroneous; and (6) whether the Bankruptcy Court erred in denying Zeltser's Rule 52(c) and Rule 41 Motion. The Court finds that the answer to each of these questions is "no." The Court is aided in its analysis by the decisions in *In re Fisher Island Investments, Inc.*, Case No. 12–20018–PCH ("Huck Appeal") and *In re Fisher Island Investments, Inc. and Little Rest Twelve, Inc.*, Case No. 12–20939–KMW ("Williams Appeal"). In both of these cases, the Bankruptcy Court's Orders, which dealt with the same or similar issues and parties on appeal, were affirmed.

1. *The Bankruptcy Court Had Jurisdiction and Authority To Enter Final Judgment on the Ownership Issue*

■ The Court finds that the Bankruptcy Court had jurisdiction and authority to resolve the ownership issue.

■ 28 U.S.C. § 1334(b) provides: "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." [5] "Arising under" typically means "invoking a substantive right created by the Bankruptcy Code," and "arises in a case under" is "generally thought to involve administrative-type matters." *Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir.2009) (citing *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir.1999)). The test for whether a proceeding is "related to" a case under Chapter 11, is whether "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* (quoting *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990)).

Under 28 U.S.C. § 157(b), Bankruptcy Courts have the authority to hear and enter final orders with respect to "core" matters. 28 U.S.C. § 157(b) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments....."). Similar to the jurisdictional language in 28 U.S.C. § 1334(b), a matter is "core" if it "aris[es] under title 11, or aris[es] in a case under title 11." *See* 28 U.S.C. § 157(b); *see Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

On the issue of jurisdiction and authority, Zeltser is essentially asking the Court to review Judge Huck's review of the Bankruptcy Court's Order denying Zeltser's Motion to Withdraw Reference. However, this Court agrees with Judge Huck's conclusion that the ownership issue is a core proceeding and that it was properly within the jurisdiction of the Bankruptcy Court. Specifically, Judge Huck found that:

> Resolution of the issue of ownership is deeply embedded—indeed, it is the primary issue—in the resolution of the creditors' proof of claim. Resolution of the issue of ownership in this case is certainly a proceeding "arising under title 11, or arising in a case under title 11," 28 U.S.C. § 157(b)(1), and, ... the Bankruptcy Court in this case is necessarily required to determine who the real owners of the Alleged Debtors actually are in order to rule on the creditors' claims. Accordingly ... the ownership issue presented here is one over which

**5.** Pursuant to 28 U.S.C. § 157, jurisdiction is exercised by both the district court and the bankruptcy court depending on the nature of the proceedings. Under § 157(a) district courts may refer cases to the bankruptcy court according to the local rules.

the Bankruptcy Court has authority to enter a final determination.

Huck Appeal, ECF No. 31, at 2.

This Court finds that the Bankruptcy Court had jurisdiction and authority to enter final judgment on the ownership issue.[6] The issue of ownership had to be dealt with before the Bankruptcy Court could adjudicate the underlying debt. This is because the ownership determination would set the course of the proceedings on two very different paths. If the Zeltser Group prevailed, they intended to admit all of the allegations in the petition and to consent to the relief requested therein, whereas, if the Redmond Group prevailed, they intended to mount a defense to the involuntary proceeding. Thus, the ownership issue clearly "arises under" or "arises in" a case under Chapter 11. As a result, the Bankruptcy Court had both the jurisdiction and the authority to hear and enter final judgment on the ownership issue.[7]

2. *The Bankruptcy Court Had All Necessary Parties Before It to Enter Final Judgment On the Ownership Issue*

■ Zeltser argues that the Bankruptcy Court was required to join the "indispensable nonparties" claiming ownership in, or disputing the ownership of MBOF, before the Court could make any determination regarding ownership rights. Initial Br., at 15. The indispensable non-parties to which Zeltser is referring, are 24 investors that own shares in MBOF. *Id.* However,

there is no mandatory joinder rule in contested matters. *See* Williams Appeal, ECF No. 61, at 34, n. 33 (the joinder requirements of Bankruptcy Procedure Rule 7019 are not applicable to contested matters because Bankruptcy Procedure Rule 9014(a) and (c) explicitly do not incorporate the adversary proceeding rules contained in Bankruptcy Procedure Rule 7019); *see also In re Sims,* 994 F.2d 210, 220 (5th Cir.1993).

■ Even if Rule 19 did apply, Zeltser had the burden of proving that the parties not joined were both necessary and indispensable to the proceeding. *In re Ginn–La St. Lucie Ltd., LLLP,* 420 B.R. 598, 604 (Bankr.S.D.Fla.2009). A party is not indispensable based on allegations which are insufficient and purely speculative. *Id.* at 605 (speculation that at least one of the non-party owners may oppose the relief sought by the plaintiff is insufficient) (citing *In re Torcise,* 116 F.3d 860, 867 (11th Cir.1997)). Rule 19 provides a two-part test for determining whether an action should proceed in a nonparty's absence. *Ginn–La St. Lucie Ltd.,* 420 B.R. at 603. "The first question is whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations." *Id.* (quoting *City of Marietta v. CSX Transp., Inc.,* 196 F.3d 1300, 1305 (11th Cir.1999)). " 'If the an-

---

**6.** Notably, on January 27, 2012, Judge Huck held a hearing on Zelter's Motion to Withdraw Reference. At the hearing Zeltser conceded that the issue of ownership was, in fact, core. Huck Appeal, ECF No. 35.

**7.** Appellant argues in its Initial Brief, that the Supreme Court's decision *Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), which held that the Bankruptcy Court lacked authority to enter final judgment

on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim, impacts the present proceeding and entitled Zeltser to a trial before an Article III judge on the ownership issue. However, the Court once again agrees with Judge Huck's conclusion that *"Stern* simply has no impact on this case." Huck Appeal, ECF No. 31, at 2.

swer to this first question is no,' it is unnecessary to reach the second question, which requires the Court to determine if the case should proceed or be dismissed in the event joinder of required parties is not feasible." *Id.* (citing *U.S. v. Rigel Ships Agencies, Inc.,* 432 F.3d 1282, 1291 (11th Cir.2005)). "In making the first determination ... 'pragmatic concerns, especially the effect on the parties and the litigation,' control." *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1280 (11th Cir.2003) (quoting *Smith v. State Farm Fire & Cas. Co.,* 633 F.2d 401, 405 (5th Cir.1980)).

Zeltser failed to meet its burden in proving that the absentee parties were necessary to the litigation, *i.e.,* that complete relief could not be afforded in their absence.[8] The only question in the trial was who owned MBOF for purposes of appointing counsel. *See* Initial Br., at 26. Complete relief was afforded to the existing parties on this issue.

Furthermore, Zeltser failed to prove that the absence of the non-parties would impede their protection of an interest at stake. First, any possible interest that these non-parties had in this proceeding could not have been particularly strong since, despite the length of the bankruptcy proceeding (over two years in total) none of the parties appeared to assert such an interest. Second, to the extent that these parties had an interest, their interest was adequately protected by the parties to the

proceeding, i.e., the Redmond Group and the Zeltser Group. *See Ginn–La St. Lucie Ltd.,* 420 B.R. at 605, 606 (holding that the movant failed to meet its burden to persuade the court that joinder of non-party owners is required where non-party owners' interests would be adequately represented by existing parties). Accordingly, the Court finds that the Bankruptcy Court had all necessary parties before it to enter Final Judgment on the ownership issue.

### 3. The Bankruptcy Court Did Not Err in Allowing the Ownership Issue to Proceed as a Contested Matter Raised In a Motion to Strike

Zeltser argues that the Bankruptcy Court erred in permitting the ownership issue to proceed as a contested matter, rather than as an adversary proceeding. In its Initial Brief, Zeltser quotes Bankruptcy Rule 7001, which states: "[t]he following are adversary proceedings: ... (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)...." However, the ownership dispute does not fit under Bankruptcy Procedure Rule 7001. As stated in the Williams Appeal, "[t]here is only one 'interest in property' at stake here, and it is the ... debt alleged by Petitioning Creditors. The validity of that debt has yet to be litigated. And the Bankruptcy Court

8. As previously mentioned, *supra* at page 4, Zeltser raised this issue in its Motion for Clarification and/or Reconsideration. Bankr. No. 11–17051, ECF No. 277. At the hearing on the Motion for Reconsideration the Bankruptcy Court denied the motion finding that the motion that Zeltser was seeking the Court's clarification/reconsideration of was an agreed order and "if there was something in connection with the order that should have been clarified at the time, it should have been brought up then. The Court does not disturb

agreements of parties, and believes the pretrial order is clear and unambiguous, and clarification is not necessary." *See id.,* ECF No. 355, at 19–20. Redmond argued at the hearing, and this Court agrees, that all non-parties were being adequately represented in the proceeding. *Id.,* at 17. To support this argument, Redmond put forth that each non-party had knowledge of the proceeding and the opportunity to intervene, and that each non-party had chosen not to intervene. *Id.*

has decided only the preliminary issue of ownership of the Alleged Debtors in order to determine who can properly represent the Alleged Debtors with respect to that debt." *See* Williams Appeal, ECF No. 93, at 21.

Additionally, the Court finds that Zeltser Group invited the Bankruptcy Court to rule upon the ownership issue, even stating in their Response to the Motion to Strike that: "the issues of proper ownership and control over the Alleged Debtor should be litigated in due course before this Court." Bankr.No. 11–17051, ECF No. 20, at ¶ 20. Zeltser also joined in the "Case Management and Scheduling Order in *Contested Matter* Setting Filing and Disclosure Requirements for Pre–Trial and Trial." *See id.*, ECF No. 96.

Finally, none of the case law cited by Zeltser in its Initial Brief and Reply Brief persuades the Court that the Redmond Group was required to file an adversary proceeding.[9] Accordingly, the Court finds that the ownership issue properly proceeded as a contested matter before the Bankruptcy Court.[10]

### 4. The Bankruptcy Court Did Not Abuse Its Discretion in Denying Zeltser's Motion for a Continuance

 The Court reviews the Bankruptcy Court's denial of the Zeltser Group's motion for a continuance for abuse of discretion. *See Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir.1987). Courts have broad discretion to deny continuances. *Id.* The denial of a continuance will not be overturned unless it is arbitrary or unreasonable. *Id.* The denial of a requested continuance is reviewed by considering: (1) the moving party's diligence in its efforts to ready the case for trial; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as

9. Much of the case law cited in Zeltser's Initial Brief in the instant case was also cited in Appellant's Initial Brief in the case before Judge Williams. Williams Appeal, ECF No. 14. Judge Williams similarly found that the case law relied upon by Appellant to support its argument that the ownership issue should have been filed as an adversary matter, was not applicable to the unique set of circumstances present in this case. Specifically, in Judge Williams' Order affirming the Bankruptcy Court's grant of partial summary judgment, she stated:

> Nothing Appellants raise here suggests the Bankruptcy Court erred in proceeding as Appellants themselves requested. Notably, none of the case law cited by Appellants is on point or instructive. Appellants fail to explain how the Bankruptcy Court's preliminary determination of ownership is similar to adversary actions in which (1) a party sought to avoid the creation of a tenancy by the entireties via a fraudulent conveyance, *Havoco of America, Ltd. v. Hill*, 197 F.3d 1135, 1139–40 (11th Cir.1999), (2) a creditor sought an equitable interest in property

rather than a general unsecured claim, *Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir.1994), or (3) a debtor sought to invalidate a lien, *In re Mansaray–Ruffin*, 530 F.3d 230, 242 (3d Cir.2008).

ECF No. 93, at 32–33. This Court agrees.

10. The Court also finds that Zeltser's argument that the Bankruptcy Court erred in adjudicating the ownership issue because it was never raised in the pleadings or properly framed by the pleadings unavailing. *See* Initial Br., at 17–18. First, the Court again points out that the Zeltser Group agreed to the adjudication of the ownership issue before the Bankruptcy Court on multiple occasions. Second, the Court finds that Zeltser's due process rights were adequately protected via the contested proceeding. The parties entered into a case management order which provided for Rule 26(a) disclosures, written discovery, depositions, expert reports, etc. An adversary proceeding was not necessary to protect the due process rights of the parties.

a result of the district court's denial. *Id.; see also Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1296 (11th Cir.2005).

■■■ Zeltser's Motion for a Continuance was based on the unavailability of witnesses Orlowskaya, Bransburg, and Adler. After reviewing the facts of the instant case, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Zeltser's Motion. In fact, the Court finds that all of the factors listed *supra,* support the Bankruptcy Court's denial.

The Court does not find that Zeltser was diligent in preparing the case for trial. This case was filed on March 18, 2011. It was originally set for trial on February 16, 2012. Due to a summary judgment motion filed by the Redmond Group, the trial was postponed. The second time around, the case was set for trial on April 11, 2013. The second trial date was scheduled over two years after the case was initially filed and still Zeltser was unprepared to present its case.

The Zeltser Group designated Adler, Orlowskaya, and Bransburg as trial witnesses in November 2012. It was not until April 1, 2013, ten days before the second trial date, that Zeltser filed its Motion to Continue Trial. Zeltser had more than enough time to depose these witnesses, in which case their testimony could have at least been preserved for trial. Zeltser only succeeded in deposing Adler, who ultimately failed to testify.

There is also no reason to believe, aside from Zeltser's self-serving claim, that granting the continuance would have remedied the situation. According to Zeltser, witnesses Adler, Orlowskaya, and

Bransburg did not testify because they were "concerned for their safety" in the wake of the death of Boris Berezovsky in the United Kingdom. Initial Br., at 8; 21. However, there was no basis for the Bankruptcy Court to find that these concerns would have been alleviated by a sixty day continuance. According to Zeltser's Initial Brief, this sixty day period would have allowed for an inquiry into Berezovsky's death to be completed. *Id.* at 8. However, the Redmond Group put forth in their Answer Brief that, as of the date the Answer Brief was filed, the inquiry still was not complete. Answer, at 21, n. 22.

Furthermore, the Bankruptcy Court was never informed about the substance of these witnesses' testimony, aside from vague assertions by Zeltser that the witnesses had knowledge relevant to the proceedings.[11] Therefore, there was no basis for concluding that a continuance was warranted. Instead, the motion likely appeared to the Bankruptcy Court as a last ditch effort, after a number of other unsuccessful efforts, to halt the progression of the case.

There was also no basis for the Bankruptcy Court to find that Zeltser would be incapable of putting on a case if these three witnesses were unable to testify. This is because these witnesses were merely three of thirty-eight witnesses that Zeltser listed in its disclosures and three out of five witnesses that Zeltser identified as witnesses in its case-in-chief.

Finally, the Bankruptcy Court did not deny this Motion outright, though, had it done so, the Court still would have found that it did not abuse its discretion. Instead, the Bankruptcy Court gave Zeltser a couple more bites at the apple. At the

---

11. In fact, Redmond's Motion for Leave to Supplement the Record on Appeal (ECF No. 31), which this Court Granted on February 13, 2014 (ECF No. 32), attaches deposition testimony from Bransburg, where she admits that she did not know anything about MBOF and that she never had any relevant testimony to give at trial.

continuance hearing the Bankruptcy Court instructed the parties to proceed to trial but told Zeltser that it would revisit the request for a continuance after the Redmond Group made its presentation. Bankr.No. 11–17051, ECF No. 648. At the conclusion of the Redmond Group's presentation, the Bankruptcy Court allowed Zeltser additional time to conduct Orlowskaya and Bransburg's depositions.[12] *Id.*, ECF No. 644, at 189. However Zeltser failed to meet even the extended deadline. As a result, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Zeltser's Motion for a Continuance.[13]

5. *The Bankruptcy Court's Final Judgment was not Erroneous*

▆ Zeltser argues that the Bankruptcy Court's Findings of Fact and Conclusions of Law on Ownership was "unsupported by the record evidence, mischaracterized the record evidence, or ignored record evidence contrary to its findings." Initial Br., at 29. Again, the Court disagrees.

As previously mentioned, on appeal to the district court, a bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr.P. 8013. A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Crawford v. Western Elec. Co., Inc.*, 745 F.2d 1373, 1378 (11th Cir.1984) (citing

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). Here, all of the evidence presented at the trial came from the Redmond Group since Zeltser failed to present its case. This evidence consisted of Davis's testimony and corroborating exhibits, thirty-eight of which were admitted without objection. On the basis of the evidence, the Bankruptcy Court concluded that:

> Triangle International Management ("Triangle") is the owner of the controlling "Managers Shares" of MBOF; (2) as the controlling shareholder, Triangle appointed W. Shaun Davis as President and sole director of MBOF in 2002 and he has remained in those positions since then; (3) under the governing documents of MBOF, Mr. Davis has the exclusive authority to conduct the business and affairs of MBOF; and (4) in that designated capacity, Mr. Davis lawfully retained the Redmond Group's attorneys to represent MBOF in this involuntary proceeding and did not authorize the Zeltser Group's attorneys to file pleadings or otherwise appear in this action.

Bankr.No. 11–17051, ECF No. 653, at 2.

Zeltser argues that the evidence and testimony presented by Davis did not establish that he " 'own[ed]' MBOF for purposes of appointing counsel on behalf of MBOF; rather, he was a mere nominee, with no true authority to render decisions or exercise independent judgment." Initial Br., at 26. However, the Bankruptcy Court stated in its Findings of Fact that Mr. Davis "steadfastly denied" being a nominee for a number of persons, and Bankruptcy Judge Cristol explicitly found

---

**12.** As previously mentioned, *supra* at note 4, the Court precluded Adler from testifying based on the fact that she had been very involved in the case and then failed to show up to testify.

**13.** Additionally, the Court finds that an evidentiary hearing on the matter was not required.

the witness to be credible on this point. *Id.,* at 8.

The evidence at trial established that all of MBOF's voting shares are owned by Triangle, and that Davis, as both the President and sole director of both Triangle and MBOF, retained the Redmond Group in this matter. As a result, this Court finds that the Bankruptcy Court's conclusions follow from the unrebutted testimony and evidence presented and therefore, the Court's Findings of Fact were not erroneous.[14]

6. *The Bankruptcy Court did not err in Denying Zeltser's Motion for Judgment on Partial Findings Pursuant to Fed.R.Civ.P. 52(c) and Motion for Involuntary Dismissal Pursuant to Fed. R.Civ.P. 41(b)*

Zeltser spends eight pages of its Initial Brief, pages 29–37, stating in a variety of different ways that the Bankruptcy Court erred in denying its Motion for Judgment on Partial Findings Pursuant to Fed.R.Civ.P. 52(c) and Motion for Involuntary Dismissal Pursuant to Fed.R.Civ.P. 41(b). The Court disagrees.

Federal Rule of Civil Procedure 52(c) is discretionary. The language of 52(c) provides as follows:

> Judgment on Partial Findings. If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court *may* enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed.R.Civ.P. 52 (emphasis added). Federal Rule of Civil Procedure 41(b) is also discretionary. The language of 41(b) provides:

> Voluntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed.R.Civ.P. 41.

Appellants argue that the Bankruptcy Court applied the wrong standard to their motions. The Bankruptcy Court applied the summary judgment standard to Zeltser's motions and determined that "it is not a time for making credibility choices. It is a time to determine whether there is evidence, if accepted, that would—can constitute a prima facie case." Bankr.No. 11-17051, ECF No. 644, at 188. Zeltser argues that, in actuality, the Bankruptcy Court was required to consider the witnesses' credibility and to weigh the evidence presented in ruling on their motions. Initial Br., at 31–32. However, even if the Bankruptcy Court applied the wrong standard, the Court ultimately found that Davis was credible and that the evidence

---

**14.** It is interesting that Zeltser's Initial Brief continually takes issue with the lack of evidence put forward by the Redmond Group at the hearing ("the only testimony presented by the Redmond group in their case in chief was a self-serving and contradictory testimony of Davis," page 26, and "the Redmond Group presented absolutely no evidence whatsoever to establish Samuelson as the owner, or even a properly authorized representative of MBOF," page 29) when Zeltser did not put on a case.

presented supported the conclusions reached in the Final Judgment. *See* Bankr.No. 11–17051, ECF No. 653, at 7 ("The Court finds Mr. Davis to be forthcoming and his testimony to be credible."). Therefore, even if the Court had applied the correct standard, there is no reason to think that Zeltser would have prevailed on either of its motions. Accordingly, the Bankruptcy Court's statement that "a motion on Rule 52(c) or Rule 41 is in some way similar to a summary judgment motion," *see* ECF No. 644, at 188, was not "an abuse of discretion or reversible error." Initial Br. at 32.[15]

## III. CONCLUSION

Accordingly, for the foregoing reasons, the Bankruptcy Court's Final Judgment in Bankr.No. 11–17051–AJC, docket entry 654, is AFFIRMED.

It is further ORDERED AND ADJUDGED that the Clerk of Court shall CLOSE this case. All pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED.

---

**15.** As a final point, the Court finds that, to the extent that it needs to respond to Zeltser's final issue on appeal, *i.e.,* the Bankruptcy Court erred in inaccurately and incorrectly defining the labels "Redmond Group" and "Zeltser Group" referred to in the litigation, the Court finds that the Bankruptcy Court did not err in defining the two groups.