Mutual Benefits Offshore Fund, Ltd. v Zeltser (2019 NY Slip Op 04290)





Mutual Benefits Offshore Fund, Ltd. v Zeltser


2019 NY Slip Op 04290


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


650438/09 9497 9496

[*1]Mutual Benefits Offshore Fund, Ltd., Plaintiff-Respondent,
v
Emanuel Zeltser, et al., Defendants-Appellants, Alexander Fishkin, et al., Defendants. Kayley Investments, Ltd., Nonparty Appellant.


Heller Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for Emanuel Zeltser, Sternik & Zeltser, M.E. Seltser P.C. and Kayley Investments, Ltd., appellants.
Morrison Cohen, LLP, New York (Terence K. McLaughlin of counsel), for Mark Zeltser and Interel Corporation, appellants.
Kruzhkov Russo PLLC, New York (Martin P. Russo of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 23, 2018, which, insofar as appealed from, granted plaintiff's motion for summary judgment as to liability on the causes of action for conversion and breach of fiduciary duty as against defendants Emanuel Zeltser (Emanuel) and Sternik & Zeltser (S & Z) and the cause of action for unjust enrichment as against Emanuel and defendant Interel Corporation, denied defendants' motions for summary judgment dismissing the above causes of action, and granted plaintiff's motion to vacate a so-ordered April 2010 stipulation, unanimously modified, on the law, to deny plaintiff's motion, and to grant S & Z's motion as to conversion and unjust enrichment and Interel and defendant Mark Zeltser's (Mark) motion as to unjust enrichment, and otherwise affirmed, without costs. Order, same court and Justice, entered March 28, 2018, which authorized the release to plaintiff's counsel of funds previously escrowed by the April 2010 stipulation, unanimously affirmed, with costs.
Although Kayley Investments, Ltd.[FN1] was not a party to the action, it may appeal (see Auerbach v Bennett, 64 AD2d 98, 104 [2d Dept 1978] [although CPLR 5511 refers to aggrieved parties, "the statute has not been so narrowly construed" as to be limited to parties], affd in relevant part, mod on other grounds 47 NY2d 619, 627 [1979]; see also Three Amigos SJL Rest., Inc. v 250 W. 43 Owner LLC, 144 AD3d 490 [1st Dept 2016]).
The court correctly denied Emanuel and S & Z's motion for summary judgment dismissing the breach of fiduciary duty claim as against them. These defendants contend that they were counsel for Kayley Ltd. However, they are barred by law of the case from denying that they acted as plaintiff's counsel in an action brought by the Securities and Exchange Commission against Mutual Benefits Corporation (MBC) (see Martin v City of Cohoes, 37 NY2d 162, 165 [*2][1975]; Mutual Benefits Offshore Fund v Zeltser, 93 AD3d 504 [1st Dept 2012]). Attorneys have a fiduciary relationship with their clients (see e.g. Matter of Galasso, 19 NY3d 688, 694 [2012]). "Few, if any, of an attorney's professional obligations are as crystal clear as the duty to safeguard client funds" (id.).
Emanuel, S & Z and defendant M.E. Seltser, P.C. (Seltser) (collectively, the E. Zeltser defendants) contend that plaintiff was barred by a federal injunction from receiving any money derived from MBC's fraud. However, even if this were true, the fact that plaintiff could not receive the $4.3 million at issue does not justify giving it to Seltser and/or Kayley; instead, S & Z should have kept it in its escrow account.
Moreover, the above argument depends on showing that plaintiff's principals were convicted of fraud and enjoined from receiving any money derived from the fraud. In other words, it depends on showing that nonparty Steven Steiner still owns 75% of nonparty Triangle International Management, Ltd., which controls plaintiff. However, the Bankruptcy Court for the Southern District of Florida found that Steiner owns only one share of Triangle and that nonparty Meridian Asset Management Ltd., which is owned by nonparty W. Shaun Davis, owns the other 4,999 shares; this finding was affirmed by the U.S. District Court and the Eleventh Circuit (see In re Mutual Benefits Offshore Fund, Ltd., 508 BR 762 [SD Fla 2014], affd sub nom. In re Fisher Is. Invs., Inc., 778 F3d 1172 [11th Cir 2015]).
The E. Zeltser defendants and Kayley contend that they should not be collaterally estopped by the Bankruptcy Court's findings. Insofar as control of plaintiff is concerned, this argument is unavailing. The E. Zeltser defendants and Kayley were in privity with the parties that the bankruptcy courts called the Zeltser Group, and which the E. Zeltser defendants also call the Kay Faction, after former defendant Joseph Kay (see generally Buechel v Bain, 97 NY2d 295, 304 [2001], cert denied 535 US 1096 [2002])[FN2]. The issue of who controlled plaintiff was necessarily decided in the bankruptcy proceeding, and the Zeltser Group/Kay Faction had a full and fair opportunity to litigate that issue (see generally Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199 [2008]).
The E. Zeltser defendants contend that the claims against them should be dismissed because Kayley rescinded its investment in plaintiff. However, even if there is an issue of fact as to whether Kayley rescinded, the E. Zeltser defendants cite no precedent for the proposition that, once Kayley rescinded, it was entitled — ahead of anyone else (e.g., plaintiff's lender[s]) — to funds nominally belonging to plaintiff. Moreover, "[t]he well-settled rule is that ownership of capital stock is by no means identical with or equivalent to ownership of corporate property" (Matter of Fontana D'Oro Foods [Agosta], 65 NY2d 886, 888 [1985] [internal quotation marks omitted]). Therefore, although Kayley owns most of plaintiff's Class B shares, it is not entitled to funds held in escrow for plaintiff.
The E. Zeltser defendants and Kayley note that the corporate form can and should be disregarded where necessary to prevent fraud or achieve equity (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140 [1993]). However, the E. Zeltser defendants and Kayley are not seeking to hold plaintiff's owners liable for an obligation of plaintiff (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]).
Plaintiff's motion for summary judgment should be denied, because there is an issue of fact as to whether plaintiff authorized the E. Zeltser defendants to return the funds to Kayley. Defendant Alexander Fishkin submitted an affirmation saying that Davis told him that monies [*3]recovered by S & Z should be turned over to Kayley. Davis's affidavits denying this raise an issue of credibility not to be resolved on a motion for summary judgment (see e.g. Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]).
If Davis — plaintiff's authorized representative, according to the bankruptcy courts (see e.g. Fisher Is., 778 F3d at 1184-1185) — said that S & Z (plaintiff's then escrow agent) could turn $4.3 million over to Kayley, then Emanuel and S & Z could hardly have breached their fiduciary duties by obeying their then client's (plaintiff's) instructions. Similarly, if Davis authorized the funds' release, then Emanuel and Seltser would not have been acting "without authority" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49 [2006]), as required for conversion.
The conversion claim against S & Z should be dismissed for the simple reason that this defendant did not exercise control over plaintiff's funds (see Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473 [1st Dept 2010])[FN3]. Plaintiff alleges that, instead of going into S & Z's escrow account, the $4.3 million went into Seltser's (non-escrow) accounts. The undisputed evidence shows that the money went into Seltser's accounts.
Given the existing issue of fact as to whether plaintiff authorized the release of the funds to Kayley, plaintiff's motion for summary judgment on its unjust enrichment claim against Emanuel and Seltser should also be denied. If plaintiff authorized the release, then it can hardly be "against equity and good conscience to permit" Emanuel — or, more precisely, Seltser — to retain the funds (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks omitted]), as an affiliate of S & Z has already transferred the equivalent of $4.3 million to Kayley.
S & Z's motion for summary judgment dismissing the unjust enrichment claim should be granted because there is no evidence that S & Z — as opposed to Seltser or Emanuel — was enriched (see Abacus, 75 AD3d at 473; see also Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421-422 [1972], cert denied 414 US 829 [1973]).
Similarly, the unjust enrichment claim should be dismissed as against Mark and Interel because there is no issue of fact as to whether "the benefit still remains with" those defendants (Paramount, 30 NY2d at 421).
Mark and Interel's motion for summary judgment dismissing the conversion claim was correctly denied. These defendants assert that they did not come into possession of the funds in Seltser's account through tortious or unlawful means. Neither a tortious taking nor bad faith is an element of the cause of action (Pokoik v Gittens, 171 AD2d 470, 471 [1st Dept 1991]; see also Boyce v Brockway, 31 NY 490, 493 [1865]). However, whether Mark and Interel's possession was lawful is relevant, because a lawful possessor cannot be charged with conversion until after a demand and refusal to return the property (MacDonnell v Buffalo Loan, Trust & Safe Deposit Co., 193 NY 92, 101 [1908]; see also e.g. Johnson v Law Off. of Kenneth B. Schwartz, 145 AD3d 608, 612 [1st Dept 2016]). There is a triable issue of fact as to whether Mark and Interel came lawfully into possession of the funds. The money did not go directly from plaintiff to Mark and Interel (cf. Apex Ribbon Co. v Knitwear Supplies, 22 AD2d 766, 766-767 [1st Dept 1964]; Cutler-Hammer, Inc. v Troy, 283 App Div 123, 124 [1st Dept 1953]). Instead, it first went into Seltser's accounts. This is akin to the situation described in Boyce, where defendants who "obtained ... goods fairly from a person whom they had reason to think was the true owner" — in the instant action, Seltser — could still be liable for conversion (31 NY at 493 [internal quotation marks omitted]).
Mark and Interel note that they did not use any of the funds for themselves. However, "whether or not [defendants] derive personal advantage is immaterial" for conversion (Mendelson v Boettger, 257 App Div 167, 170 [2d Dept 1939], affd 281 NY 747 [1939]).
Collateral estoppel does not bar Kayley from arguing that it is the true owner of plaintiff's assets, because the issue in the bankruptcy proceeding was who controlled plaintiff (i.e., who owned its Managers Shares, which have voting rights but no claim to its assets), not who owned plaintiff's assets (see generally City of New York v Associated Ambulance Serv., 149 AD2d 336, 338-339 [1st Dept 1989]). Nevertheless, we uphold the March order and the portion of the January order vacating the April 2010 stipulation and permitting the funds from the joint escrow account to be released to plaintiff's counsel. At the time the stipulation was entered into, S & Z (as trustee for Kayley) and Kay had asserted counterclaims; thus, as the stipulation states, the insurance policies that are yielding the monies held in the joint escrow account were the subject of conflicting claims as to ownership. However, the counterclaims were dismissed in November 2010 (see 93 AD3d at 504-505), the court denied Kayley's motion to intervene in March 2012, and Kayley did not appeal. Thus, there are no longer conflicting claims to ownership of the policies (and the money they yield) in the instant action. The $4.3 million that was supposed to go into S & Z's escrow account is separate from the money in the joint escrow account.
We have considered Kayley's remaining arguments and find that they do not warrant the relief Kayley seeks (releasing all, or at least two-thirds, of the money in the joint escrow account to it).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK



Footnotes

Footnote 1: For purposes of this appeal, we assume, without deciding, that Kayley Investments, Ltd. is the same as Kayley Investments N.V.; we will refer to both as "Kayley."

Footnote 2: The preclusive effect of the bankruptcy proceeding should be governed by federal — not New York — law (see e.g. Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 69 [2018]). However, the participants in this appeal mostly cite New York cases, and no one challenges plaintiff's assertion that Eleventh Circuit law on collateral estoppel is similar to New York's (see also In re Halpern, 810 F2d 1061, 1064 [11th Cir 1987]).

Footnote 3: For purposes of this appeal, we will treat S & Z and Seltser as separate entities, because plaintiff sued them separately. However, S & Z may be a mere "doing business as" name for Seltser, as Emanuel says Seltser is "a/k/a" S & Z.